[Crim. No. 2851. In Bank.—September 7, 1926.]

## THE PEOPLE, Respondent, v. WILLIAM J. SLATER, Appellant.

[1] CRIMINAL LAW—MURDER—DISCREPANCIES IN EVIDENCE—APPEAL.—In a prosecution for murder, the jury who saw and heard the witnesses and whose attention was expressly called to alleged discrepancies in the testimony were the sole judges of the credibility of said witnesses and of the importance to be assigned to whatever discrepancies may have appeared in connection with their testimony, and their conclusion thereon will not be disturbed on appeal.

[2] ID.—EVIDENCE OF OTHER OFFENSES—ADMISSIBILITY OF.—In a prosecution for murder, evidence of the commission by the defendant and others of burglaries prior to the murder was admissible to prove the motive which existed in the mind of the defendant at the time he fired the fatal shot, namely, that, perceiving he was in imminent danger of arrest for the recent

1. Credibility of witnesses as question for jury, notes, 72 Am. Dec. 546; 81 Am. Dec. 269. See, also, 8 Cal. Jur. 280; 28 R. C. L. 657.

2. Evidence of other offenses to prove notice, note, 105 Am. St. Rep. 986. See, also, 13 Cal. Jur. 704; 8 R. C. L. 202.

commission of said former crimes, he slew the arresting officer in order to facilitate his escape from such arrest and his further flight from the scene of such former crimes.

(1) 17 **C. J.**, p. 267, n. 99, p. 269, n. 4.   (2) 16 **C. J.**, p. 601, n. 36, 39; 30 **C. J.**, p. 181, n. 53.

APPEAL from a judgment of the Superior Court of San Bernardino County. Chas. L. Allison, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred Duffy for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This appeal is prosecuted by one William J. Slater, who, with one James R. Brown, was charged with the murder of one James M. West, alleged in the information to have been committed on the second day of July, 1925, at Needles, in the county of San Bernardino, both of said defendants being convicted upon said charge of murder in the first degree, the punishment of Brown being fixed by the jury at imprisonment for life, but the punishment of Slater being, by the silence of the jury in that respect, fixed at death. The defendant, Slater, appeals and upon said appeal urges a reversal of said judgment of conviction as to him upon several grounds. [1] The first contention of the appellant is that the evidence was insufficient to justify the verdict of the jury finding him guilty of murder in the first degree. In support of said contention the appellant directs our attention to a number of alleged discrepancies between the testimony of certain of the main witnesses for the People as given upon the trial of the cause and the testimony of said witnesses as related upon the preliminary examination. It is not necessary to deal with these alleged discrepancies in detail, since it is sufficient to say that the jury who saw and heard said witnesses and whose attention was expressly called to said discrepancies, were the sole judges of the credibility of said witnesses and of the importance to be assigned to whatever discrepancies may have appeared in connection with their testimony, and their con-

clusion thereon will not be disturbed by this court upon appeal.

[2] The next contention of the defendant is that the trial court committed prejudicial error in permitting the prosecution to introduce evidence of other alleged crimes committed by said defendants shortly before the commission of the capital offense with which they were charged, said former offenses consisting in the burglarizing of certain filling stations and the taking and carrying away therefrom of certain property, consisting of tires, tubes, oils, etc., during the course of the defendants' travel by automobile across the states of Arizona and California, in the course of which these defendants arrived at the city of Needles, carrying with them the said fruits of their recently committed crimes, reports of which had reached Needles just before their arrival and had led the peace officers to investigate the identity of the defendants and their connection with said crimes, in the course of which investigation the defendant Slater had fired the shot which killed Constable West, who was one of the peace officers, and who at the moment of his murder was seeking to detain the defendants in the course of said investigation. Immediately after said murder the defendants fled in their automobile, but being followed and captured and questioned as to their motive for committing said murder the defendant Slater made a number of excuses which were intended to convince the arresting officers that the firing by him of the fatal shot was the result of accident and mistake rather than of a murderous intent. The purpose for which the prosecution introduced at the trial evidence of the commission by the defendants of said former crimes was that of proving the motive which existed in the mind of Slater at the time he fired the fatal shot, namely, that perceiving that he was in imminent danger of arrest for the recent commission of said former crimes he slew the arresting officer in order to facilitate his escape from such arrest and his further flight from the scene of the commission of such former crimes. The trial court in the admission of such evidence, and also in its instructions to the jury, carefully and correctly limited the purpose of its admission, and that, so limited, such testimony was admissible for the purpose of showing that the motive of the defendant Slater was that of committing a wilful murder,

we entertain no doubt. (*People* v. *Cook,* 148 Cal. 334 [83 Pac. 43]; *People* v. *Argentos,* 156 Cal. 720 [106 Pac. 65]; *People* v. *Kauffman,* 152 Cal. 331 [92 Pac. 861]; *People* v. *Bringhurst,* 192 Cal. 748 [221 Pac. 897]; *People* v. *Wolfgang,* 192 Cal. 755 [221 Pac. 907]; *People* v. *Yaeger,* 194 Cal. 452 [229 Pac. 40].)

The next several contentions of the defendant are that the trial court committed reversible error in the giving of certain instructions to the jury. We have examined the entire body of instructions given by the trial court and we find that, taken as a whole, such instructions were very full and fair and that, read as a whole, they are not to be held subject to the criticism which the appellant aims at particular instructions; nor do we find that the particular instructions against which the appellant directs such criticism are fairly subject thereto; nor that the jury in considering the same would have been or were misled thereby.

It is our conclusion from a careful reading of the entire record herein that this appellant was accorded a fair and impartial trial and that he was properly convicted of a most foul, unprovoked and utterly unjustifiable murder. The verdict of the jury herein meets with our full approval and it follows that the judgment herein must be and the same is hereby affirmed.

Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.