[Crim. No. 1733. Third Appellate District.—July 12, 1940.]

THE PEOPLE, Respondent, v. CLIFFORD HARVEY NEAL, Appellant.

Grover C. Julian and Donald P. Cady for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THOMPSON, J.—Defendant appeals from a conviction of violation of section 503 of the California Vehicle Code. By the provisions of this section the unlawful driving or taking of a vehicle is made a felony.

The theft of the automobile for which appellant has been convicted took place on the evening of December 15, 1939. The circumstances surrounding the theft were related by Oscar Johnson, who was charged in the information with appellant. Johnson pleaded guilty to the offense charged. On the trial of appellant, had before a jury, Johnson testified that he and appellant had been driving around the town of

Westwood on the evening of the theft. He stated that they had been drinking and that there was some discussion as to procuring a radio from a car. They noticed a car parked along the street and saw that it was equipped with a radio aerial. They stopped their car and the appellant got into the parked automobile. It was discovered that the keys were in this car and the appellant, preceded by Johnson, who was driving his own automobile, drove the car out on a lonely road. They then proceeded to strip this automobile of its various equipment, including the radio and electric heater, the fog lights, the aerial and two horns. The car was abandoned at this spot and Johnson and appellant returned to town, where the equipment was divided between them.

At the trial the prosecution first introduced evidence to prove the taking of the automobile by Johnson and appellant without the consent of the owner. Evidence was then introduced as to the removal of the equipment from the car and the subsequent disposal thereof by Johnson and the appellant. Counsel made objections to the introduction of this evidence. Evidence of the removal of the equipment was offered for the purpose of proving the intent of the appellant to permanently or temporarily deprive the owner of the title to or possession of the car. The jury were instructed that this evidence was to be considered solely for such purpose.

Appellant contends that the trial court committed prejudicial error in admitting evidence tending to prove the removal of the parts from the car, which acts if committed constituted a separate and distinct offense, in that such evidence did not tend to prove the crime charged in the information but caused a prejudice in the minds of the jury. It is also contended that the element of intent must be affirmatively put in issue by the defendant before the prosecution is entitled to introduce evidence of a separate crime for the purpose of showing intent.

We are of the opinion that the admission of the evidence in question was proper and that the trial court did not commit error.

Some crimes are perpetrated by the intentional doing of an act and there is no necessity of proving the actual intent to commit the crime. Statutes enacted under the police power are good examples of this rule of law. Other crimes not only require the necessary criminal intent but demand proof of a

specific intent to do some particular thing. Burglary, for example, requires proof of the entry with intent to commit petit larceny or a felony. The specific intent which is essential in these cases cannot be presumed from the doing of the unlawful act, but must be proved as a fact. In the case of *People* v. *Maciel*, 71 Cal. App. 213 [234 Pac. 877], the defendant was charged with the crime of assault with a deadly weapon with intent to commit murder. A judgment of conviction was reversed on appeal for an improper instruction in regard to "criminal intent". The court held that specific intent was an essential ingredient of the offense charged. At page 218 of the opinion, the necessity of proving "specific intent", when made an element of the crime charged, is indicated by the following language:

"It is only when the intent is not made an affirmative element of the crime that the law presumes that the act, if knowingly done, was done with a criminal intent. (16 C. J., p. 81.) When a specific intent is an element of the offense it presents a question of fact which must be proved like any other fact in the case. It is none the less a question of fact though it cannot be proved by direct and positive evidence. All the circumstances surrounding the act furnish the evidence from which the presence or absence of the specific intent may be inferred by the jury; and no presumption of law can ever arise that will decide it."

Section 503 of the California Vehicle Code provides, in part, as follows:

"Any person who drives or takes a vehicle not his own, without the consent of the owner thereof and in the absence of the owner, and *with intent to either permanently or temporarily deprive the owner thereof of his title to or possession of such vehicle,* whether with or without intent to steal the same, . . . is guilty of a felony, . . . "

Under section 503 the crime is committed when the taking or driving of the vehicle is accompanied by a lack of consent from the owner and an intent to either permanently or temporarily deprive such owner of his title to or possession of such vehicle. The intent is made an affirmative element of the crime and consequently must be proved as a fact. The proof of intent as a fact was incumbent upon the prosecution and the taking and abandoning of the car by appellant did not necessarily furnish sufficient evidence from which the pres-

ence of a specific intent may have been inferred by the jury. Section 503 is distinguished from section 499b of the Penal Code in that specific intent is not an element in the violation of this latter statute. Section 499b is the so-called "Joyride" statute. There is a violation within the meaning of the provisions of this section when an individual without the permission of the owner takes any aircraft, motor vehicle, bicycle, etc., for the purpose of temporarily using or operating the same. The violation of section 499b is made a misdemeanor. The necessity of furnishing sufficient evidence of the specific intent required to constitute a violation of section 503 is readily apparent.

The proof of specific intent as a fact was, as stated, an affirmative element of the crime charged and the introduction in evidence of the removal of equipment from the car was proper as bearing upon the element of intent. The prosecution was not precluded from the introduction of such evidence simply because the acts of removing the equipment from the car constituted a separate and distinct crime. The taking of the vehicle, driving it out to a lonely spot on the road, the removal of the car's equipment, and the dividing of the various parts between appellant and Johnson all constituted one continuous transaction. The introduction of the evidence in question for the purpose of proving intent clearly came within the exception of the general rule of law which prohibits the admission of evidence tending to prove separate offenses. ■ Evidence of the commission of another crime is admissible when it tends to establish intent, motive, plan or system, or when the other crime is part of the *res gestae*. (*People* v. *Morani*, 196 Cal. 154 [236 Pac. 135].)

In the case of *People* v. *Cahill*, 11 Cal. App. 685 [106 Pac. 115], the defendant was convicted for the theft of an automobile. Upon the trial, evidence was admitted tending to prove that a pair of gloves found in the possession of defendant belonged to the owner of the automobile and that such gloves had been left in the car on the night of the theft. It was contended on appeal that the court erroneously permitted proof of another and distinct offense than that charged. The court held that proof of ownership of the gloves and the possession of them by the defendant was properly admitted in evidence. The contention of error in this regard was answered in the following language at page 690 of the opinion:

''Where an accused commits two offenses at the very same time and place, so that they constitute the same, or approximately the same transaction, evidence of the crime not charged is admissible if it tends to show motive or any other fact relevantly bearing upon the crime charged. . . . The theft of the gloves in the case at bar was a part of the same transaction involving the larceny charged against the defendant, and, as stated, evidence that the gloves had been left with the machine by the owner when he last had possession of the car, and that they were found in possession of the defendant when arrested, was competent and admissible as a circumstance tending to show that he stole the machine.''

The evidence in question was admissible to prove the intent with which appellant deprived the owner of his car. No error was committed by the trial court in admitting such evidence.

The judgment is affirmed.

Pullen, P. J., concurred.