[Crim. No. 7241.   Second Dist., Div. Two.   Feb. 1, 1961.]

THE PEOPLE, Respondent, v. WAYNE LEROY
ARMSTRONG, Appellant.

Robert J. Herman, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Roy A. Gustafson, District Attorney, and Robert L. Shaw, Deputy District Attorney, for Respondent.

McMURRAY, J. pro tem.*—Defendant was convicted of a misdemeanor and was sentenced to one year in the Ventura County Jail. While serving his sentence, defendant complained of pains which he thought were caused by sitting on cold seats, aggravating a bone disease he had been afflicted with since childhood. The doctor at the jail advised a hospital examination and thereafter defendant, with several other prisoners, was taken from the jail to the county hospital by a deputy sheriff. Upon arrival at the hospital some time before 9 in the morning, defendant's temperature was 99.2 degrees, a circumstance which, it was testified, might indicate an acute infectious condition.

The deputy sheriff with the prisoners caused them to be seated in a hallway some three to five steps from a treatment room into which the deputy went, leaving the prisoners to await their calls for treatment. Defendant noticing that the deputy was out of sight saw an opportunity to leave, and did so.

He left the hospital by a side door, stole a county truck which he later abandoned to steal another car, and after pursuit was recaptured by peace officers and returned to jail.

After information charging violation of section 4532 of the Penal Code (escape from custody) and also charging two counts of violation of section 10851 of the Vehicle Code (auto theft), the defendant was tried and convicted by a jury on all three counts, and, after application for probation was denied, was sentenced to the Adult Authority with sentences as to the first two counts to run consecutively and the sentence for the third count to run concurrently with the sentences of the first two. From this judgment of conviction the defendant appeals.

Appellant contends that the trial court invaded the province of the jury by instructing as follows: "The defendant is charged in Count I of the information with the crime of escape, a violation of section 4532 of the Penal Code, which, insofar as it applies in this case, provides that every person convicted of a misdemeanor, who is in the lawful custody of an officer and who escapes, is guilty of a felony.

. "An escape is the unlawful departure of a prisoner from the limits of his custody.

"While there must exist in every crime a joint operation of act and intent, the defendant to be guilty of escape need only intend to make the unlawful departure described above.

"A prisoner, removed from the county jail and taken to

---

*Assigned by Chairman of Judicial Council.

the hospital for treatment or examination, is in the custody or control of the officer who accompanied him to the hospital as a guard even though the officer may be in an adjoining room and even though the officer may not be able to see the defendant.''

Appellant argues that (1) a question of fact existed as to whether or not the defendant was improperly removed from the county jail and thus not in the "lawful" custody of the deputy when he departed from the hospital; or (2) a question of fact existed as to whether or not a prisoner not in the immediate and physical presence of the jailer is in actual custody. Neither of these contentions is valid. ▮▮ Granting that lawful custody is an essential prerequisite to the crime of escape, it here appears clearly that Penal Code, section 4011.5, affirmatively shows that defendant was in lawful custody at the county hospital. That section provides: "Whenever it appears to a sheriff or jailer that a prisoner in a county jail or a city jail under his charge is in need of immediate medical or hospital care, and that the health and welfare of the prisoner will be injuriously affected unless he is forthwith removed to a hospital, the sheriff or jailer may authorize the immediate removal of the prisoner under guard to a hospital, . . .'' Appellant urges that this section be meticulously construed and states that the record is devoid of any showing of appellant's immediate need for medical or hospital care. This urged construction appears to be overly artful, particularly when it is considered that the section expressly provides "[w]henever it *appears* to a sheriff or jailer that a prisoner in a county jail or city jail under his charge is in need of immediate medical or hospital care, . . .'' (Emphasis added.) ▮ Furthermore, it must be remembered that the escape provisions of the Penal Code are not to be construed strictly but ". . . according to the fair import of their terms, with a view to effect its objects and to promote justice.'' (Pen. Code, § 4.)

In a former section dealing with escape the Supreme Court, in *In re Haines,* 195 Cal. 605 at 621 [234 P. 883] said: "Even if the statute might be held to be susceptible of either construction, we are justified in the public interest in adopting the one favoring the punishment of all escaping prisoners. The courts will be astute to avoid a result contrary to sound sense and wise policy. As was declared in the text-book from which we have quoted, 'While the intention of the legislature must be ascertained from the words used to express it, the manifest reason and the obvious purpose of the law should-

not be sacrificed to a literal interpretation of such words.' (Lewis' Sutherland on Statutory Construction, *supra.*)''

■ The purpose of section 4011.5 of the Penal Code is obviously a humanitarian one to assure that prisoners in need of medical attention will receive the same, and it would be an extremely stringent interpretation which would result in making custody unlawful because a sophistic interpretation of certain words in the section removed from context would change the nature of a prisoner's custody. ■ Even if there might be some irregularity in the sentence of a prisoner, it has been said: "Thus it was said in *Aderhold* v. *Soileau,* 67 F.2d 259 at 260: '. . . A prisoner in a penal institution whose sentence is irregular or voidable may not for that reason, and before some court has so adjudged, defy his guards and run away. A difference of opinion might cause a death. Such a doctrine would set discipline at naught.' '' (*People* v. *Hinze,* 97 Cal.App.2d 1 at p. 5 [217 P.2d 35].) ■ The fact that a prisoner is not within the immediate and physical presence of his jailer does not make an escape from custody any less an offense under Penal Code, section 4532. Many cases so hold. In *People* v. *Hadley,* 88 Cal.App.2d 734, 736 [199 P.2d 382], where a prisoner escaped from a forestry camp while one of fifty prisoners under surveillance of but two guards, this was held to be an escape even though the defendant in that case had been given permission to go fishing out of the presence of either of the guards, who assuredly could not have had the prisoner under constant actual surveillance. Other cases indicate that actual physical custody or visual surveillance is not necessary at all times. See *People* v. *Haskins,* 177 Cal.App.2d 84 [2 Cal.Rptr. 34]; *People* v. *Lilyroth,* 173 Cal.App.2d 94 [342 P.2d 525]; *People* v. *Torres,* 152 Cal. App.2d 636 [313 P.2d 197], in all which cases the prisoner was not under the direct surveillance of a custodial officer or person.

■ Appellant, in complaining as to the form of the instruction, overlooks the fact that in the entire record there is no conflict in the evidence as to what actually took place and the court, by instructing as to lawful custody, properly exercised its judicial function as, under the facts disclosed, that became a question of law.

Appellant's final contention is that he was improperly sentenced in violation of due process of law. This contention, too, must fall when the entire record of the proceedings is examined. ■ The appellant now alleges that the probation

report before the judge at the time of sentence erroneously set forth certain misdemeanors and other offenses. The fact remains, however, that during the trial of this action, defendant admitted to two prior felony convictions for which he served a term of imprisonment in a state penal institution.

Furthermore, a trial court is expressly authorized by section 669 of the Penal Code to determine whether the terms of imprisonment upon conviction of two or more crimes shall run concurrently or whether the sentences of the imprisonment shall run consecutively. Here it would appear that the trial court properly exercised its discretion; that counsel for appellant had an opportunity to be heard and was heard; that the probation officer and the district attorney, at the request of the trial judge, also made recommendations. There is nothing in the record to indicate an abuse of the court's discretion, but on the contrary, the record indicates that the sentences were imposed after thoughtful and conscientious consideration of all factors.

The judgment appealed from is affirmed.

Fox, P. J., and Ashburn, J., concurred.