[Crim. No. 7616.   Second Dist., Div. Two.   Feb. 21, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JAMIE O. SOLA, Defendant and Appellant.

594

Bradford A. Arthur for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Edmond B. Mamer, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Appellant was charged by indictment with the crime of selling heroin in violation of section 11501 of the Health and Safety Code of the State of California. The indictment was amended to allege a prior felony conviction. Trial by jury was waived. Pursuant to stipulation, the case in chief of the prosecution was submitted on the transcript of the grand jury hearing and appellant's right to be confronted by the witnesses against him was waived. Each side reserved the right to offer additional evidence.

Officer Rutherford, a member of the Narcotic Detail of the Los Angeles Police Department, testified he knew the defendant, and engaged in a transaction with him on August 4, 1960. At approximately 11 o'clock on said date Officer Rutherford and another person parked in front of an address at 666 West 21st Street in San Pedro. The person with Officer Rutherford got out of the car, and knocked on the door at this address. Appellant came out and spoke to this person briefly, and then went back inside. The person with Officer Rutherford came back to the car and said, "Things are okay." In approximately five minutes appellant came out to the car and was introduced to Officer Rutherford. Rutherford asked appellant if he could get a gram. Appellant said, "Come back in twenty minutes." Officer Rutherford and the person with him left and returned in approximately 20 minutes. Appellant came out and got into the car, directing them to 83d and Grape where he said, "I will take the car and then come back here."

Officer Rutherford gave appellant two ten-dollars bills and appellant said, "It will be two more dollars." Rutherford then gave appellant two one-dollar bills. Appellant then made a right turn on Crockett and went out of sight. In approximately 10 minutes he returned and said, "The man just left." They drove around for approximately 20 minutes and appellant then directed them to Crockett and Nadeau. Appellant again took the car while Officer Rutherford and the other person waited at the corner. Appellant was gone for about 35 minutes and then returned to pick up Rutherford and the other person. Appellant handed a cellophane package to the person with Officer Rutherford and this person, in turn, handed it to Rutherford. The cellophane package contained nine capsules, containing a whitish powder. Three of the nine capsules chosen at random were examined chemically by an expert forensic chemist and were found to contain heroin.

Testifying in his own behalf, appellant denied that he participated in any sale of narcotics. On cross-examination he stated that he had seen the officer and another man on August 4, 1960, and when they asked him about narcotics he told them that he didn't have anything, that he was clean, and didn't want to have anything to do with it.

The sole contention advanced on this appeal is that defendant was deprived of a fair trial in that he was not afforded the effective and substantial aid of counsel during the course of the proceedings in the trial court. Two major complaints are made concerning the nature and quality of the representation which appellant received in the trial court. In the first place, appellant complains of the stipulation allowing the prosecution to submit its case in chief on the transcript of the grand jury hearing and waiving appellant's right to be confronted by the witnesses against him. In the second place, appellant complains that his counsel propounded confusing, ambiguous and ill-thought-out questions which tended to prejudice his testimony.

There appears to be no merit in either of these two contentions.      As stated in *People* v. *Davis,* 157 Cal.App.2d 33, 34 [320 P.2d 88] : "It is well settled that the right of a defendant to be confronted with the witnesses against him may be waived, and that such waiver is accomplished when counsel for the defendant stipulates that the evidence taken at the preliminary examination may be considered by the court as evidence at the trial. (*People* v. *Hart,* 121 Cal.App.2d 301

[262 P.2d 865]; *People* v. *Donnelly,* 95 Cal.App.2d 595, 597-598 [213 P.2d 502].)''

We see no reason why the same principles should not be applied to the submission of a case on the testimony contained in the transcript of the proceedings before a grand jury. ▮ The accused is entitled to a copy of the transcript of the proceedings before the grand jury in order to prepare his defense. (Pen. Code, § 938.1; *People* v. *Pipes,* 179 Cal.App.2d 547, 553-555 [3 Cal.Rptr. 814].) ▮ It is not asserted that appellant in the case at bar was not provided with a copy of the transcript of the grand jury proceedings. On the contrary, it is presumed that the law was obeyed so that appellant knew how the witnesses testified and could have availed himself of the opportunity to confront such witnesses had he so desired.

▮ Appellant's second contention is that the confusing, ambiguous and ill-thought-out questions which were asked him by his counsel tended to prejudice his testimony. This contention is answered by the following language from *People* v. *Prado,* 190 Cal.App.2d 374, 377 [12 Cal.Rptr. 141]: ''As to appellant's second contention, it is well established that '[i]f defendant felt his counsel did not adequately represent him he should have complained to the trial court and given that court an opportunity to correct the situation. In the absence of such complaint the acts of defendant's counsel are imputed to him. [Citations.]' (*People* v. *Youders,* 96 Cal.App.2d 562, 569 [215 P.2d 743].) [5] In *People* v. *Hood,* 141 Cal. App.2d 585, 589 [297 P.2d 52], the court states that 'the rule announced in the *Youders* case, *supra,* does not require that complaint be made of specific acts on the part of counsel, but affords him the opportunity to complain when, at any time during the trial his counsel did not adequately represent him, thereby affording the trial court an opportunity to correct the situation. Not having availed himself of this privilege, appellant cannot now, after an adverse judgment, for the first time complain [citation].' ''

▮ The rule is stated as follows in *People* v. *Dupree,* 156 Cal.App.2d 60, 69 [319 P.2d 39]: ''Before it can be held that an accused's representation by counsel was inadequate to the degree that it violated his right to representation under the Fourteenth Amendment to the Constitution of the United States, an extreme case must be disclosed. The representation must be of such a low order as to render the trial a farce and a mockery of justice (*Diggs* v. *Welch,* 148 F.2d 667, 669), or it must be shown that the essential integrity of the proceeding

as a trial was destroyed by the incompetency of counsel (*United States* ex rel. *Weber* v. *Ragen*, 176 F.2d 579, 586).'' (To the same effect see *People* v. *Wein*, 50 Cal.2d 383, 410-411 [326 P.2d 457].)

The notice of appeal herein recites that it is taken "from the orders denying his motion for a new trial and from the judgments rendered on the 26th day of January, 1961." The record contains no proceedings with reference to a motion for new trial nor any order thereon. However, the record does contain an order revoking the probation which was granted after appellant's former conviction. The judgment of January 26, 1961, provides that the sentence thereby imposed shall run concurrently with the sentences imposed.

The purported appeal from the nonexistent order denying motion for a new trial is dismissed. The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.