[Crim. No. 12460. Second Dist., Div. One. Apr. 12, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. LEWIS DONALD FRITZ, Defendant and Appellant.

George E. Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Michael C. Gessford, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of escape from jail in violation of section 4532, subdivision (b), of the Penal Code and an attempted appeal from an order denying a motion for a new trial.

In an information filed February 17, 1966, in Los Angeles County, it was charged that on January 4, 1966, defendant escaped from a courtroom lockup while confined therein as a prisoner of the Sheriff of Los Angeles County and while then and there charged with a felony, namely, attempted escape in violation of section 4532, subdivision (b), Penal Code, all in violation of the provisions of the Penal Code. Defendant also was charged with three prior felony convictions; grand theft and bad checks in 1953, kidnaping in 1953, and robbery in 1965. Defendant pleaded not guilty and not guilty by reason of insanity. Doctors were appointed to examine the defendant as to his sanity and reports were filed. On May 12, 1966, pursuant to stipulation by counsel for defendant and all concerned the cause was submitted upon the testimony contained in the transcript of proceedings had at the preliminary hearing and the medical reports. The defendant was found guilty as charged, the charged three prior convictions were found to be true and defendant was found to have been sane at the time of the escape and at the time of trial. Defendant was sentenced to the state prison, the time to run concurrently with the sentence imposed in our case numbered 12489 (superior court case No. 306,474.) An appeal from the judgment was filed within due time.

The evidence discloses that on January 4, 1966, Deputy Sheriff Lawrence took defendant to a lockup, or detention unit, for prisoners going into court that day. Defendant at that time was charged with an attempted escape from the main jail on or about June 6, 1965. Defendant was locked in the tank and had no permission to leave. At about 10 a.m. a

deputy sheriff ascertained that defendant was missing from the tank and noticed that a window of the cell was open. There was testimony to the effect that a rope was attached to the window, the end of which dangled down the outside of the building to the parking lot. Deputy Sheriff Yandell drove into the parking lot and saw someone descending the rope from the building. He also saw defendant standing about five feet away wearing a jail arm band. Defendant was placed under arrest.

At the trial defendant testified, ''Well, the window was open. People were leaving out of the window, descending on a shroud line I believe it would be, from a parachute. An urge came over me to leave, an irresistible urge. I could not stop myself. I went to the window, and—or ran to the window and tried to climb out it. At that time I fell the three floors. . . . I was knocked unconscious. . . .'' He further testified, in effect, that he knew that he was under a mental strain because he had just completed 11 years in prison and had just been convicted of armed robberies and had been sentenced ''ten to life in the State Penitentiary . . .''; that he knew it was unlawful to leave but did not rationalize as to ''. . . whether or not leaving that enclosure was right or wrong''; and that ''I had only one desire, and that was to get out.''

Appointed counsel in this court has examined the record in this case and the law involved in escapes and reports properly that ''There was no reversible error on the part of the trial court.''

 The necessary elements of a valid escape charge are stated in *People* v. *Francisco,* 228 Cal.App.2d 355 [39 Cal. Rptr. 503]. The evidence of guilt in the case at bench is clear. In fact appellant's own testimony is enough to convict him. His attempted defense of irresistible impulse is not a defense in this state under the circumstances. (See *People* v. *Nash,* 52 Cal.2d 36 [338 P.2d 416]; *People* v. *Sloper,* 198 Cal. 238 [244 P. 362]; *People* v. *McDonough,* 198 Cal.App.2d 84 [17 Cal. Rptr. 643].)

The trial was fair and proper.

The attempted appeal from the order denying the motion for a new trial is dismissed.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.