Filed 3/21/13  P. v. Cervantes CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>RICARDO CERVANTES,<br><br> Defendant and Appellant. | 2d Crim. No. B242685<br>(Super. Ct. No. VA124262)<br>(Los Angeles County) |

Ricardo Cervantes appeals his conviction by jury for unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)).  Appellant admitted two prior prison term enhancements (§ 667.5, subd. (b)) and was sentenced to three years county jail. (Pen. Code, § 1170, subd. (h).)  We affirm.

*Facts*

On March 28, 2012 at about 1:00 a.m., Joana Chihuahua reported that her Honda Civic was stolen.  It was last seen in Chihuahua's driveway sometime between 9:00 p.m. and 12:30 a.m.

Los Angeles County Sheriff Deputies Mariano Pacheco and Scott Rodriguez saw the Honda stop at 1:37 a.m.  in front of a driveway with the engine running.  Ricardo Espinoza jumped out of the driver's side and walked away from the Honda.  Appellant exited the passenger door and walked away from Espinoza in the opposite direction.  Appellant was holding the car stereo and put it on the sidewalk.

Deputy Pacheco detained Espinoza and appellant and saw a screwdriver jammed in the car ignition. Cables were hanging out the dashboard where the car stereo was removed.

*Substantial Evidence*

Appellant asserts that the evidence is insufficient to support the finding that he aided and abetted the vehicle theft. Vehicle Code section 10851, subdivision (a) applies to the driver of the stolen vehicle as well as " '. . . an accessory to or an accomplice in the driving or unauthorized taking . . . .' " (*People v. Garza* (2005) 35 Cal.4th 866, 875.) Appellant argues that he was an innocent passenger and that "[k]nowledge of the unlawful taking, acquired after the ride started . . . is not enough." (*People v. Clark* (1967) 251 Cal.App.2d 868, 874.)

Although there is no direct evidence that appellant knew the car was stolen, intent was established by circumstantial evidence. "Once the unlawful taking of the vehicle has been established, possession of the recently taken vehicle by the defendant with slight corroboration through statements or conduct tending to show guilt is sufficient to sustain a conviction of Vehicle Code section 1081. [Citation.'] [Citations.] " (*People v. Clifton* (1985) 171 Cal.App.3d 195, 199-200; *People v. Green* (1995) 34 Cal.App.4th 165, 181.) A tampered ignition, coupled with other evidence may support a finding of intent to deprive the owner of possession. (*Ibid*.; see e.g., *People v. Windham* (1987) 194 Cal.App.3d 1580, 1590-1591.)

It is undisputed that Espinoza and appellant abandoned the Honda with the engine running. Espinoza and appellant exited the vehicle at the same time and walked in opposite directions to distance themselves from the car. The most damning evidence was the car stereo. Appellant held it in his right hand and put in down 30 feet away from the Honda.

Appellant claims that he was an innocent passenger but the screwdriver jammed in the ignition was visible to anyone sitting in the passenger seat. It took no leap in logic for the jury to find that appellant and Espinoza were on a mission to take the Honda and strip it of its parts, all with the intent to deprive the owner of possession. (See

2

e.g., *People v. Neal* (1940) 40 Cal.App.2d 115, 118.)  In the words of the prosecutor, appellant and Espinoza "were caught red handed."  We agree.

CALJIC 2.15

The jury was instructed that possession of recently stolen property is insufficient, without corroboration, to sustain a conviction.  (CALJIC 2.15.)[1]  Appellant argues that it was error to give CALJIC 2.15 because he waived the benefit of the instruction.

In *People v. Yeoman* (2003) 31 Cal.4th 93, 130-131, our Supreme Court held that it was proper to give CALJIC 2.15 over defense objection.  The court rejected the argument that CALJIC 2.15 violates due process or shifts the People's burden of proof.  (*Id.*, at p. 131.)  CALJIC 2.15 is properly given where the defendant's intent to steal is contested.  (*People v. Parson* (2008) 44 Cal.4th 332, 355.)  "[T]here is nothing in the instruction that directly or indirectly addresses the burden of proof, and nothing in it relieves the prosecution of its burden to establish guilt beyond a reasonable doubt.  [Citation.]"  (*Id.*, at pp. 355-356.)

Appellant complains that CALJIC 2.15 is ambiguous because it fails to state whether "possession of recently stolen property" refers to the car stereo or the Honda.  Appellant did not request amplifying or clarifying language, thereby waiving the error.  (*People v. Dennis*  (1998) 17 Cal.4th 468, 514.)  The alleged error in giving the instruction was harmless when considered in the context of the other instructions and

---

[1] The CALJIC 2.15 instruction stated:  "If you find that a defendant was in conscious possession of recently stolen property, the fact of that possession is not by itself sufficient to permit an inference that the defendant is guilty of the crime.  Before guilt may be inferred, there must be corroborating evidence tending to prove defendant's guilt.  However, this corroborating evidence need only be slight, and need not by itself be sufficient to warrant an inference of guilt.  [¶]  As corroboration, you may consider the attributes of possession -- time, place and manner, that the defendant had an opportunity to commit the crime charged, the defendant's conduct, or any other evidence which tends to connect the defendant with the crime charged."

3

overwhelming evidence that appellant aided and abetted the car theft.[2] (*People v. Parson, supra,* 44 Cal.4th at p. 357.)  But for the instructional error, it is not reasonably probable that appellant would have received a more favorable outcome.  (*Ibid*.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

---

[2] The jury was instructed that appellant was presumed innocent (CALJIC 2.90) and that the prosecution had to prove guilt beyond a reasonable doubt.  The jury was twice instructed that "[m]ere presence at the scene of the crime" and mere knowledge that a crime is being committed does not amount to aiding and abetting (CALJIC 3.01).

Raul Sahagun, Judge

Superior Court County of Los Angeles

_____

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Brendan Sullivan, Deputy Attorney General, for Plaintiff and Respondent.