[Crim. No. 7135. In Bank. July 17, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. HARVEY GEORGE THOMAS, Defendant and Appellant.

J. D. Butterwick, under appointment by the Supreme Court, Hennigan, Ryneal & Nixen and Robert A. Knox for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

WHITE, J.—This is an appeal by defendant from a judgment of conviction of violating section 10851 of the Vehicle Code, which prohibits the taking of a vehicle without the owner's consent and with intent to deprive the latter of title to or possession thereof. Defendant's motion for a new trial was denied, and from such order of denial defendant also appeals.

It is conceded that defendant took the vehicle in question without the owner's consent, and that he was apprehended while in the act of driving it. The automobile was taken from a parked position on a city street, after having been left there by the owner. Defendant and the owner were strangers, and on no occasion had communicated in any manner whatsoever with each other. The automobile was sighted by a police officer within an hour after the owner reported its loss and within a mile and a quarter from the place from which it was taken. Defendant sought to elude the officer who pursued in a marked police vehicle, flashing a red light and sounding a siren. Defendant surrendered after the officer fired a bullet into the stolen vehicle.

Defendant was charged by information in the following language: "violation of Section 10851 of the Vehicle Code, in that on or about November 18, 1960, in the County of Riverside, State of California, he did wilfully and unlawfully drive and take a vehicle, to wit: a 1960 Chevrolet Station Wagon, California License No. TKA957, belonging to Ben Younglove,

without the consent of the owner and with the intent to deprive the owner of his possession of said vehicle.'' The information also charged that defendant had suffered four prior felony convictions. A jury found him guilty of the offense as charged against him and, further found that three of the four prior convictions were true.

The only serious question presented on this appeal relates to the claimed overlapping of section 10851 of the Vehicle Code and sections 487 and 499b of the Penal Code. Section 10851 provides in part: "Any person who drives or takes a vehicle not his own, without the consent of the owner thereof, *and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession* of the vehicle, whether with or without intent to steal the same . . . is guilty of a felony. . . .'' (Emphasis added.) Section 499b of the Penal Code provides in relevant part: "Any person who shall, without the permission of the owner thereof, take any automobile, bicycle, motorcycle, or other vehicle, *for the purpose of temporarily using or operating the same,* shall be deemed guilty of a misdemeanor. . . .'' (Emphasis added.) Section 487 provides in substance that grand theft includes the theft of an automobile, and theft is committed by "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another. . . .'' (Pen. Code, § 484.) It is to be noted that the physical conduct prohibited by the three enactments is substantially the same, but that there purports to be a dictinction as to the intent with which the act is done in each instance. It may be presumed that the Legislature intended by these sections to deal with problems which are properly distinguishable. In *People* v. *Kehoe,* 33 Cal.2d 711 [204 P.2d 321], this court in distinguishing these sections stated at pages 713-714: "There is a gradual differentiation in substance between the crimes defined in section 499b of the Penal Code (the so-called 'joy-ride statute'), section 503 of the Vehicle Code [currently § 10851], and section 487 of the Penal Code. The first of these statutes defines as a crime the act of driving or temporarily using an automobile without the consent of the owner. Section 503 makes such conduct an offense if done in the absence of the owner with the intent to deprive him temporarily or permanently of title or possession. Section 487 declares that the theft of an automobile, which requires an intent to deprive the owner permanently of its value and to appropriate the property to the use and benefit of the person taking it, is a crime. . . .

Obviously the three statutes are a part of a general legislative plan of protection and punishment conceived to prevent the taking or use of an automobile without the owners' consent. Different punishment is fixed to correspond with the intent with which each offense is committed, but the legislation is directed against one evil." The distinction between the foregoing offenses is admittedly a subtle one, and would present a rather difficult problem if it were required that a court instruct a jury as to the distinction in a given situation. It may well be that the Legislature intended to leave the decision as to which section should be invoked in a particular case to the prosecutor.

We are particularly concerned in the instant case with the distinction between section 10851 of the Vehicle Code and 499b of the Penal Code. These sections have been consistently distinguished upon a difference in the degree of intent required. (See *People* v. *Orona,* 72 Cal.App.2d 478, 484 [164 P.2d 769] ; *People* v. *Zervas,* 61 Cal.App.2d 381, 384 [142 P.2d 946] ; *People* v. *Neal,* 40 Cal.App.2d 115, 117-118 [104 P.2d 555].) In *People* v. *Orona, supra,* it was stated at page 484: "There is also a distinction between the offenses prohibited in section 499b of the Penal Code and section 503 [currently § 10851] of the Vehicle Code. The former has been called the 'Joy-ride' statute. It does not require proof of the *intent* to *'deprive* the owner' of either the 'title to or *possession* of such vehicle.' *(People* v. *Neal,* 40 Cal.App.2d 115, 118 [104 P.2d 555].) The misdemeanor designated by section 499b of the Penal Code may be accomplished by merely taking the machine for the temporary *use or pleasure* of the accused person for a 'joy-ride.' '' The distinction has not been drawn without some criticism, however. (See 23 So.Cal.L.Rev. 107, 109.)

Defendant first contends that section 10851 has been repealed by section 499b. Such a result would follow if there were either a manifested legislative intent to repeal section 10851, or if the sections are determined to be irreconcilable in which event the enactment given the latest legislative approval may be deemed, by implication, to have repealed the other. (*People* v. *Dobbins,* 73 Cal. 257, 259 [14 P. 860].) A similar contention was advanced in *People* v. *Orona, supra,* 72 Cal.App.2d 478. The court there held at page 484 that the Vehicle Code section, being last amended in 1939 (Stats. 1939, p. 1481) prevailed over section 499b of the Penal Code, its last amendment being in 1935. (Stats. 1935, p. 1337.)

 It is contended, however, that a later amendment in 1949 to section 499b changes this result. The amendment in that year merely removed aircraft from the list of those vehicles enumerated in section 499b, and enacted section 499d which provided more severe penalties for the wrongful taking of an aircraft. We cannot perceive in such an amendment a manifested legislative intent, implied or otherwise, to repeal section 10851 of the Vehicle Code. And even if it be conceded that the sections are in fact irreconcilable, then the reenactment of the Vehicle Code and the redesignation of then section 503 to section 10851 therein in 1959 (Stats. 1959, ch. 3, p. 1597) must be deemed to be the latest legislative expression of intent applicable in the instant case and, according to the rule asserted by defendant, controlling over section 499b of the Penal Code.

The contention that the sections are irreconcilable is reiterated by defendant in another form. It is claimed that the trial court should have instructed on its own motion that the jury could return a verdict of a violation of section 499b of the Penal Code in lieu of a violation of section 10851 of the Vehicle Code, as charged. No charge of a violation of section 499b was made but, it is contended, a violation of that section is a lesser included offense and one on which the jury was entitled to make a finding. (Pen. Code, § 1159.) A like contention was made under similar circumstances in *People* v. *Ray*, 162 Cal.App.2d 308 [328 P.2d 219]. The court disposed of the contention in the following language at page 311: "Appellant contends that the court erred in refusing to instruct the jury as to the provisions of section 499b of the Penal Code, 'joy riding,' being a lesser included offense. We are not in accord with this contention. . . ." The court then quoted from *People* v. *Ragone*, 84 Cal.App.2d 476 [191 P.2d 126], to the following effect: "If the jury found, as it did, that appellants took the automobile, their intent to deprive the owner of his possession is so clear as to leave no room, under the facts, for an instruction on Penal Code, section 499(b). . . . The general rule is that it is not error to omit or refuse to instruct the jury of their right to convict of lesser offenses included in that charged when the evidence shows, or tends to show, that the defendant, if guilty at all, is guilty of the offense charged." And in *People* v. *Tellez*, 32 Cal.App.2d 217 [89 P.2d 451], in a prosecution for grand theft of an automobile under section 487 of the Penal Code the court said at pages 219-220: "The trial judge did

128

not err in refusing to read section 499b of the Penal Code or to give a summary of it to the jury. . . . *It defines a crime separate and distinct from and not necessarily related to theft.*" (Emphasis added.)

 In determining when a lesser offense is a necessarily included one, it was said in *People* v. *Whitlow,* 113 Cal. App.2d 804 [249 P.2d 35] at page 806: " 'The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512].)

 If, in the commission of acts made unlawful by one statute, the offender must always violate another, the one offense [i.e., the latter] is necessarily included in the other. (*People* v. *Krupa,* 64 Cal.App.2d 592, 598 [149 P.2d 416].)

 Thus, before a lessor [*sic*] offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense. (*People* v. *Greer, supra.*)" (See also *In re Hess,* 45 Cal.2d 171, 174 [288 P.2d 5]; *People* v. *Kehoe, supra,* 33 Cal.2d 711, 713.)

 The foregoing test of a necessarily included offense was approved by this court in *People* v. *Marshall,* 48 Cal.2d 394, 396 [309 P.2d 456], wherein it was further held at page 398 that a lesser offense is necessarily included if it is within the offense specifically charged in the accusatory pleading, as distinguished from the statutory definition of the crime.

 In the instant case the complaint sufficiently charged the physical act which section 499b of the Penal Code prohibits. The question is whether in committing the act "with the intent to deprive the owner of his possession" of the vehicle, as charged, it would necessarily and always follow that the act was "for the purpose of temporarily using or operating" the vehicle. Need an act committed with the intent to deprive an owner of possession of a vehicle necessarily and always be performed by the offender for the purpose of temporarily using or operating the vehicle? It is obvious that the owner of a vehicle could be deprived of possession in many ways which would not necessarily require that the offender use or operate the vehicle. While a complaint may have been framed in the instant circumstances which would charge a violation of section 10851 in terms which in turn would have necessarily included a violation of section 499b, the instant complaint does not do so and a conviction of a violation of

section 499b would not have been authorized in the present case. Defendant thus fails to demonstrate that a violation of section 499b was "necessarily" included in the charging part of the information.

As has been stated, the line of demarcation between sections 10851 and 499b is a subtle one at best, and some confusion results in considering the question of a lesser included offense. It taxes one's credulity to deny that, in the circumstances of the instant case, an offender could unlawfully take the vehicle of another for the purpose of using or operating it without, at the same time, necessarily intending to deprive the owner of possession. (*Cf. People* v. *One 1951 Ford Sedan,* 122 Cal. App.2d 680, 686 [265 P.2d 176]; *People* v. *Gibson,* 63 Cal. App.2d 632 [146 P.2d 971].) However, such reasoning could only lead to the conclusion that the felony section is an included offense within the misdemeanor. The issue presented in the instant case is the converse of that. Here the felony is charged and we have concluded that as charged it might well have been committed in a manner which did not involve a commission of the misdemeanor. The misdemeanor is therefore not included in the felony and defendant could not have been properly convicted of the former. For that reason he was not entitled to an instruction on the misdemeanor. Section 499b was in no way involved in the instant proceeding and the problem of instructing on the aforesaid distinction is thus obviated.

It is significant to note that during the trial the defendant's view of the legal effect of the complaint coincides, at least in part, with the views expressed herein. He contended that under the complaint as alleged he could not be convicted of a violation of section 499b, although taking the inconsistent position that 499b was a lesser included offense. His views are set forth in the following instruction which he requested and the court refused: "If you find that the Defendant did in fact take and drive the vehicle without the permission of the owner and did so without the specific intent to deprive the owner of the vehicle of his possession of or title to, either temporarily or permanently then you must find the Defendant not guilty. Section 499b of the Penal Code of California makes the taking or driving of a vehicle without the permission of the owner, for the purpose of temporarily using or operating the same a misdemeanor which is an included element of the offense [with] which the Defendant is charged in count one of the information. Defendant is charged in

count one of the information with the felony of taking and driving a vehicle without the consent of the owner, with intent to either permanently or temporarily deprive the owner [of the] possession thereof. . . . I, therefore, instruct you that unless you find that the specific intent to deprive the owner of such vehicle either temporarily or permanently is sufficiently shown in the manner in which you must determine such proof as I have previously instructed, then you must find the Defendant not guilty.''

Under any view on the question of the lesser included offense the requested instruction was properly refused for the reason that it would have required an acquittal of the claimed lesser included offense even though the jury might have found the elements thereof. Of course, in view of the conclusion herein stated, that a violation of section 499b is not a lesser included offense, the court was not required to correct and then give the proffered erroneous instruction in any event. (See *People* v. *Davis,* 135 Cal. 162, 165-166 [67 P. 59].)

Defendant further contends that he was denied the right of counsel at his trial. The contention is devoid of merit. Defendant, although a layman, was well versed in criminal procedure. He represented himself throughout the proceedings in a competent manner. He was allowed to spend many hours in the law library under guard in the preparation of his case. He filed and argued many motions, and obtained numerous continuances. He consistently refused the assistance of the public defender and was advised at all appropriate times of his right to counsel. He was further advised that counsel could not be appointed on short notice before trial. The court also offered to appoint an attorney to advise defendant, and to bring to defendant law books to assist him in the preparation of his case. Defendant refused this offer but on the fourth day before trial he asked for another continuance for the purpose of obtaining counsel ''to assist the defendant in advising the defendant as to the matter involving the trial.'' Defendant stated that he had contacted private counsel who would be available after two days. Objections were made on the ground that defendant sought an attorney for advisory purposes only, and that he had not waived time for trial, which was necessary in order that the court comply with statutory requirements. Defendant replied that he was not seeking the appointment of counsel at public expense, that differences of opinion with the public

defender's office made it impossible for that office to represent him, and that he sought counsel "upon the trial and not in an advisory matter." The court thereupon advised that the only counsel that it could appoint at that time was the public defender. The court stated: "I will have to either give you a choice that the Court will appoint the Public Defender or require that you continue to represent yourself or provide your own counsel for this trial." The court further remarked that the question of waiver of statutory time for trial, which would be in issue in the event of another continuance, had never been squarely answered by defendant. The court ruled that the trial would go on as then scheduled, and asked defendant if he wished the appointment of the public defender. Defendant stated that he did not. Insofar as the record shows defendant made no attempt to procure his own counsel in the four days remaining before trial. After judgment defendant took this appeal and an attorney was appointed and has represented him thereon.

It is manifest that no abuse of discretion can be charged to the court in bringing the matter to trial when it did. "To hold that a defendant charged with crime has an absolute right to counsel of his own selection, with unlimited right to insist upon continuances of his trial, would be subversive of the prompt administration and execution of the laws— upon which depends largely their effectiveness. It is at once apparent that the trial court must in the nature of things have some control over such matters, to the end that judicial business may be dispatched in an orderly manner; and if it has any discretion it is apparent to us that such discretion was not abused in this particular instance." (*People* v. *Shaw,* 46 Cal.App.2d 768, 774 [117 P.2d 34]; see also *People* v. *Gonzales,* 151 Cal.App.2d 112, 115-116 [311 P.2d 53]; *People* v. *Whinnery,* 55 Cal.App.2d 794, 799 [131 P.2d 33].) On at least two prior occasions defendant's statements to the court that he was proceeding in propria persona and did not want appointed counsel constituted waivers of his right thereto. "The right to the assistance of counsel guaranteed by the constitutional and statutory provisions, like any other legal right, may be invoked only in the course of orderly procedure. A defendant who, with an intelligent conception of the consequences of his act, declines the aid of counsel prior to or at the commencement of his trial, is not entitled thereafter to interrupt and delay the hearing at any stage he

deems advantageous merely to interpose a demand for legal assistance. [Citations.] When petitioner stated at the time of his arraignment that he did not need an attorney, the court was justified in taking him at his word [citations]. His attitude, both at that time and at the commencement of the trial, was equivalent to a final declination of counsel. . . ." (*In re Connor,* 16 Cal.2d 701, 709 [108 P.2d 10].) In the instant case it cannot be said that the waiver was not comprehended and understood by defendant. (*In re Jingles,* 27 Cal.2d 496, 498 [165 P.2d 12].)

A contention that the prosecuting attorney was guilty of prejudicial misconduct in cross-examining one of defendant's witnesses, is likewise without merit. The witness, a former business partner of defendant whose testimony did not relate directly to the crime, testified on direct examination that defendant possessed a good reputation for honesty and integrity. On cross-examination the witness testified that he had heard of specific instances of criminal violations by defendant but that he was not aware of other violations about which he was also questioned. No issue is raised as to whether the specific offenses concerning which the witness was questioned had in fact been committed by defendant.

 Where a defendant puts in issue his reputation for truth, honesty and integrity through a witness the prosecution may rebut the impression created by asking, in good faith, whether the witness has heard of specific instances of wrongful misconduct by the defendant inconsistent with the traits of good character attributed to him. (*People* v. *McKenna,* 11 Cal.2d 327, 335-336 [79 P.2d 1065]; *People* v. *Malloy,* 199 Cal.App.2d 219, 226-227 [18 Cal.Rptr. 545]; *People* v. *Gin Shue,* 58 Cal.App.2d 625, 634 [137 P.2d 742]; Witkin, California Evidence, p. 682.) No question is raised that the prosecuting attorney acted without a factual basis or in bad faith, and must therefore be presumed that the questions were asked in good faith. (*People* v. *Malloy, supra,* 199 Cal.App.2d 219, 227; Code Civ. Proc., § 1963, subd. 15.) It is thus manifest that no error was committed by the foregoing cross-examination.

 Other questions propounded to the same witness as to whether he had initially met defendant at the State Prison in Utah, and whether the witness was at the time of trial also serving time, exceeded the bounds of proper cross-examination and were improper. (See *People* v. *Hollander,* 194 Cal.App.2d 386 [14 Cal.Rptr. 917].) However, we are per-

suaded that the record discloses that no miscarriage of justice ensued as a result thereof. (Cal. Const., art VI, § 4½.)

Defendant was fairly tried and justly convicted. The judgment and order denying his motion for a new trial are, and each is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., and Peters, J., concurred.