[Crim. No. 14407. Second Dist., Div. Two. Oct. 30, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WILBUR LEROY BONVILLE, Defendant and Appellant.

---

*Assigned by the Chairman of the Judicial Council.

Paul M. Migdal, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Phillip G. Samovar, Deputy Attorney General, for Plaintiff and Respondent.

FLEMING, J.—Conviction by a jury for arson. The sole question on appeal is whether at his trial defendant was denied the right to represent himself. We hold he was not.

Defendant's trial had originally been set for 18 July 1967, but because of two continuances at the request of the defendant and because of court congestion the cause was not called for trial until 24 August 1967. On the morning of the trial defendant first brought to the court's attention his dissatisfaction with the services of appointed counsel, the public defender, and requested the appointment of ''effective counsel'' under section 987a of the Penal Code. After the jury had been selected and sworn and the prosecution had made its opening statement, a colloquy took place among defendant, court, and counsel, in the course of which defendant on three occasions referred to his motion as one for appointment of ''effective counsel.'' The court explained that appointments of outside counsel were not available in counties which had a public defender, that defendant's choice lay between representation by the public defender and representation by himself. Defendant then sought to represent himself, but when asked by the court if in representing himself he would be ready to go to trial that day, defendant replied he would not, that he would need time to prepare his case and get his witnesses: ''No, I haven't got my witnesses. Naturally I don't have a defense any way at all . . .'' The court denied defendant's motion, and the trial went forward with defendant still represented by the public defender.

At the conclusion of the prosecution's case defendant renewed his motion, orally and in writing, for the appointment of ''effective counsel'' pursuant to Penal Code, section 987a, and again complained of the refusal of the court to allow him to represent himself with adequate time to prepare for trial. The court again denied his motion. Subsequently defendant, with the aid of the public defender, took the stand and testified in his own behalf. The jury found him guilty of the charge of arson but could not reach a verdict on two counts of attempted murder and two counts of assault with intent to murder. Defendant was sentenced to state prison on the arson count, and the remaining four counts against him were dismissed.

A reading of the transcript clearly shows that defendant's primary objective was to secure the discharge of the public defender and the appointment of other counsel to represent him. On no less than five occasions defendant referred to his motion as one to secure the appointment of ''effective counsel.'' Only as a secondary objective did he seek to discharge the public defender and continue the trial in order to repre-

sent himself. Defendant always coupled his motion to discharge counsel with a condition, either that of appointment of "effective counsel," or, if his first condition were not met, that of a continuance of the trial in order to prepare to represent himself. The court was not confronted with a defendant who unconditionally demanded the right to discharge counsel and represent himself—a right which a competent defendant can exercise at any time—but rather with a defendant who sought to discharge counsel on certain conditions. In a criminal case a trial court may not accept a discharge of counsel apart from conditions which the defendant attaches to it. "Manifestly, a waiver of counsel which is made conditional by a defendant cannot be effective unless the condition is accepted by the court." (*People* v. *Carter*, 66 Cal.2d 666, 670 [58 Cal.Rptr. 614, 427 P.2d 214].) Thus we reach the precise issue involved here; did the trial court properly reject the conditions defendant attached to his motion to discharge the public defender?

 Patently, defendant's first condition, the appointment of outside counsel, contained nothing to commend its acceptance to the trial court. Necessarily, a substitution of counsel would have required a continuance of the trial. (*People* v. *Maddox*, 67 Cal.2d 647, 652 [63 Cal.Rptr. 371, 433 P.2d 163].) Beyond that, however, a defendant is not entitled to demand court-appointed counsel of his own choosing, and absent a conflict of interest he may not require the appointment of an attorney other than the public defender to represent him. (*People* v. *Terry*, 224 Cal.App.2d 415, 418 [36 Cal.Rptr. 722]; *People* v. *Jackson*, 186 Cal.App.2d 307, 315 [8 Cal.Rptr. 849]; *People* v. *Massie*, 66 Cal.2d 899, 910 [59 Cal. Rptr. 733, 428 P.2d 869].)

 Defendant's second condition for the discharge of the public defender also embodied a continuance, for although defendant declared he wished to act as his own counsel, he said he could not do so unless given further time to prepare. Since the defendant made continuance of the trial a condition of his own representation, a discharge of the public defender without a continuance would have been erroneous. (*People* v. *Carter*, 66 Cal.2d 666 [58 Cal.Rptr. 614, 427 P.2d 214].) Thus under each of the defendant's conditions the court's choice was either to deny the request for the discharge of counsel or grant the request and continue the trial.

The general policy governing continuances of criminal trials is laid down in Penal Code, section 1050: "No continu-

ance of a criminal trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance.'' We suppose affirmative proof of the requirements of the ends of justice means a showing that the party seeking the continuance will be substantially prejudiced by its denial. ■ Necessarily, a decision on the merits of the continuance rests in the discretion of the trial court. (*People* v. *Thomas,* 58 Cal.2d 121, 131 [23 Cal. Rptr. 161, 373 P.2d 97] ; *People* v. *Duncan,* 175 Cal.App.2d 372. 376-380 [346 P.2d 521].)

■ In the present case the only proof offered to support the motion for a continuance consisted of the defendant's declared dissatisfaction with his counsel's investigation and preparation for trial. Standing by itself such unsupported dissatisfaction provides insufficient cause to overcome the strongly worded legislative policy against continuances of criminal trials. (*People* v. *Terry,* 224 Cal.App.2d 415, 418 [36 Cal.Rptr. 722].) The trial court, in addition to accommodating the wishes of a defendant, must consider the convenience of other persons connected with the case and must consider the orderly dispatch of the court's business. The present case had been twice continued at the request of the defendant. The witnesses may have been in attendance on six occasions—at the preliminary hearing on 1 June 1967, at the calling of the case for trial on 18 July, at the calling on 14 August, and at the subsequent callings of the case on 22 August, on 23 August, and on 24 August. In the absence of a more persuasive reason for a continuance than the defendant's subjective dissatisfaction with appointed counsel, the defendant may not frustrate the operation of the machinery of justice and wear out the witnesses against him by securing repeated postponements of his trial. As put by Justice White : ''To hold that a defendant charged with crime has an absolute right to counsel of his own selection. with unlimited right to insist upon continuances of his trial, would be subversive of the prompt administration and execution of the laws—upon which depends largely their effectiveness. It is at once apparent that the trial court must in the nature of things have some control over such matters, to the end that judicial business may be dispatched in an orderly manner ; and if it has any discretion it is apparent to us that such discretion was not abused in this particular instance. . . . '. . . If we were to permit a defendant on the eve of trial to discharge his lawyer, who was conversant with the case and then say, ''I want a continuance,'' if that were ground for continuance we would never get to

trial.'.'' (*People* v. *Shaw,* 46 Cal.App.2d 768, 774 [117 P.2d 34].) And as Justice Draper observed in reference to a similar request for substitution of counsel on the day of trial: ''[The defendant] showed no sound reason for discharge of Mr. Maynard. To replace that attorney would require continuance to permit new counsel to prepare. A rule permitting such a move at mere whim would invite repetition and intolerable interference with orderly discharge of all business of the court. A long-delayed request for substitution unless for compelling reason, need not be granted. (*People* v. *Whinnery,* 55 Cal.App.2d 794 [131 P.2d 33]; *People* v. *Linden, supra,* 52 Cal.2d 1, 15 [338 P.2d 397]; *People* v. *Dorman,* 28 Cal.2d 846, 850-852 [172 P.2d 686]). Even the most reluctant defendant must some day be tried, and the court is not required to disrupt its calendars indefinitely while awaiting that day.'' (*People* v. *Terry,* 224 Cal.App.2d 415, 418-419 [36 Cal.Rptr. 722].)

We think these earlier statements of the problem fully apply to the case at bench. Defendant did not waive his right to counsel, apart from the condition of a continuance, and the court was not required to accept his condition. ■ When a case is called for trial, and plaintiff is ready, the court is ready, the jury is ready, the witnesses are ready, and defendant for purely subjective reasons seeks to discharge counsel and obtain a continuance to represent himself, the request comes too late to be timely. (*People* v. *Thomas,* 58 Cal.2d 121, 131 [23 Cal. Rptr. 161, 373 P.2d 97]; *People* v. *Maddox,* 67 Cal.2d 647 [63 Cal.Rptr. 371, 433 P.2d 163].) ''Notwithstanding the right of an accused to represent himself or to representation by an attorney of his own choice, the right is one which must be exercised seasonably and not through mere caprice.'' (*People* v. *Mullane,* 182 Cal.App.2d 765, 770 [6 Cal.Rptr. 341].) ■ We conclude that the trial court acted within its discretion in denying defendant's motion to dismiss counsel on the morning of the trial and in requiring him to go to trial with existing counsel. (*People* v. *Carter,* 66 Cal.2d 666 [58 Cal.Rptr. 614, 427 P.2d 214]; *People* v. *Duncan,* 175 Cal.App.2d 372 [346 P.2d 521]; *People* v. *Jackson,* 250 Cal.App.2d 851 [58 Cal. Rptr. 776].)

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied November 19, 1968.