[Crim. No. 13633. Fourth Dist., Div. One. Mar. 23, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD LEE TIEBOUT, Defendant and Appellant.

**COUNSEL**

Alden J. Fulkerson, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WIENER, J.**—Richard Lee Tiebout appeals the judgment entered upon a jury conviction of unlawfully driving and taking a vehicle (Veh. Code, § 10851) and resisting, delaying and obstructing an officer (Pen. Code, § 148), contending the trial court prejudicially erred in refusing to give a requested instruction stating Penal Code section 499b is a necessarily included offense under Vehicle Code section 10851. We hold that under the charging allegations of this case and the facts presented at trial, the court prejudicially erred. We therefore reverse the judgment.

*Factual and Procedural Background*

On Saturday night, February 28, 1981, Robert C. Walker, Sharon Parks, Richard Lee Tiebout and a man named Jackson met at La Cresta Motel for an evening of drinking and sex. The next day Walker awoke alone in the motel room and noticed his 1980 Ford Courier pickup truck was gone. Walker telephoned Parks who said the truck was in front of her house. Not finding the truck in the specified location, Walker reported his truck stolen.

At trial Tiebout contended that around midnight Saturday night, Parks asked Walker for the keys to his truck. Walker refused, saying he did not think Parks was capable of driving. Parks took the keys anyway and drove away with

Tiebout in the passenger seat. Parks and Tiebout went to various bars and eventually wound up at Walker's house. Parks left the house after Tiebout refused to have sex with her. Tiebout, however, remained in Walker's house about 35-40 minutes and then drove around looking for Parks. After a short time he gave up his search and started to drive home, still in Walker's truck. The truck ran out of gas and Tiebout walked the rest of the way. The truck remained where Tiebout abandoned it until Wednesday (Mar. 4) when he had enough money to buy gas. After gassing up the truck, Tiebout drove around looking for Walker's house. Unable to find the house, he went to a friend's and then to a Jack In The Box restaurant.

While at the restaurant police officers, with guns drawn, approached the truck from opposite sides. Tiebout panicked, put the truck in reverse, backed up and then drove forward, fleeing with the police in close pursuit, until the road deadended. Tiebout was apprehended by the police after jumping out of the truck and running. He said he fled because of his fear of guns.

*Discussion*

Tiebout argues the court prejudicially erred by refusing to give a proposed instruction relating to Penal Code section 499b.[1] He contends Penal Code section 499b is a necessarily lesser included offense under Vehicle Code section 10851.[2] To determine if a lesser offense is necessarily included the court must determine (1) if, as a matter of law, the greater offense cannot be committed without also satisfying the elements of the lesser offense and (2) if the crime is within the offense specifically charged in the information. (*People* v. *Cannady* (1972) 8 Cal.3d 379, 390 [105 Cal.Rptr. 129, 503 P.2d 585]; *People* v. *St. Martin* (1970) 1 Cal.3d 524, 532-533 [83 Cal.Rptr. 166, 463 P.2d 390].) The present factual allegations fall within these parameters. The information charged Tiebout with driving *and* taking a motor vehicle not his own. (See *People* v. *Barrick* (1982) 33 Cal.3d 115, 135 [187 Cal.Rptr. 716, 654 P.2d 1243].)

---

[1]Penal Code section 499b states: "Any person who shall, without the permission of the owner thereof, take any automobile, bicycle, motorcycle, or other vehicle or motorboat or vessel, for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine not exceeding two hundred dollars ($200), or by imprisonment not exceeding three months, or by both such fine and imprisonment."

[2]Vehicle Code section 10851 states: "Any person who drives *or* takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same, or any person who is a party or accessory to or an accomplice in the driving or unauthorized taking or stealing is guilty of a public offense, and upon conviction thereof shall be punished by imprisonment in the state prison, or in the county jail for not more than one year or by a fine of not more than five thousand dollars ($5,000) or by both such fine and imprisonment. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of the vehicle by the same or a different person." (Italics supplied.)

The acts of driving a vehicle and taking a vehicle are separate and distinct. (*Ibid.*; compare *People* v. *Thomas* (1962) 58 Cal.2d 121 [23 Cal.Rptr. 161, 373 P.2d 97].) ██ "Thus, a complaint which charges a defendant with 'driving *and* taking' an automobile necessarily charges that he took the automobile 'for the purpose of temporarily using or operating the same' and thus violated section 499b." (*People* v. *Barrick, supra,* 33 Cal.3d at p. 135, italics supplied, fn. omitted.) Because the trial court is under an obligation to instruct on a lesser included offense which the evidence tends to prove (see *People* v. *St. Martin, supra,* 1 Cal.3d at pp. 532-533) where there is sufficient evidence that appears to warrant consideration by the jury (*People* v. *Flannel* (1979) 25 Cal.3d 668, 684 [160 Cal.Rptr. 84, 603 P.2d 1]), the court prejudicially erred in refusing to give the requested instruction.

*Disposition*

Judgment reversed.

Staniforth, Acting P. J., and Butler, J., concurred.