[Crim. No. 15177. Fourth Dist., Div. One. Sept. 26, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH HARVEY HICKS, JR., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Daniel J. Mangarin, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Jay M. Bloom and Steven V. Adler, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**WIENER, J.**—Hicks appeals the judgment entered on jury verdicts convicting him of violating Vehicle Code section 10851[1] and attempting to violate that same section. He asserts the trial court prejudicially erred by not instructing *sua sponte* on the lesser included offense of Penal Code section 499b as now required by *People* v. *Barrick* (1982) 33 Cal.3d 115 [187 Cal.Rptr. 716, 654 P.2d 1243]. We conclude that since *Barrick* represents a sharp break with precedent it should not be given pipeline retroactivity and therefore affirm the judgment.

Hicks is an inept auto thief apprehended in each car he was trying to take. The jury convicted him of violating section 10851 when he drove that car about six inches before the engine died. His conviction of attempting to violate section 10851 was based upon his abortive efforts to hotwire the ignition in another car which rather than starting the motor only started a fire.

At the time of Hicks' trial, *People* v. *Thomas* (1962) 58 Cal.2d 121 [23 Cal.Rptr. 161, 373 P.2d 97] (overruled in *People* v. *Barrick, supra,* 33 Cal.3d 115) was the leading case holding joyriding under Penal Code section 499b is not a necessarily included offense within section 10851. (*Id.,* at pp. 127-129.) The established rule for two decades, embodied in CALJIC No. 14.36, was that a court was not required to instruct on joyriding in section 10851 cases.[2]

Four months after Hicks' trial the Supreme Court reiterated joyriding is not intrinsically a necessarily included offense within section 10851 but stated charging allegations which accuse a defendant of driving *and* taking a vehicle necessarily charge the defendant with joyriding. (*People* v. *Barrick, supra,* 33 Cal.3d 115.) Since Hicks was charged with driving *and* taking a vehicle, the issue here is whether we should apply *Barrick* retroactively in determining whether the court erred by not instructing *sua sponte* on joyriding as a lesser included offense.[3]

---

[1]All statutory references are to the Vehicle Code unless otherwise specified.

[2]By "section 10851 cases" we do not include those unique cases where the section 10851 charging allegation is "in terms only of 'driving without the consent of the owner' and does not charge 'a taking' . . . ." (CALJIC No. 14.37 (4th ed. 1979) com., p. 42.)

[3]We note the importance of the *sua sponte* duty in these cases where the choice of a proper verdict is particularly difficult. The same physical act—the nonconsensual driving of another's vehicle—can constitute either a misdemeanor or a felony depending solely on the defendant's state of mind. If the defendant's intent is to use the vehicle temporarily, the defendant is guilty only of joyriding. However, where the defendant's intent is to deprive the owner of the vehicle either permanently or temporarily, the defendant violates section 10851. The at best subtle line of demarcation between these sections (see *People* v. *Thomas, supra,* 58 Cal.2d at pp. 126, 129) makes *sua sponte* guidance of the jury critical.

■ Whether a decision should be prospective only may well be determined by " 'considerations of convenience, of utility and of the deepest sentiments of justice.' " (Cardozo, The Nature of the Judicial Process (1921) 146-149, quoted by Mosk, J., conc. & dis. opn. in *Westbrook* v. *Mihaly* (1970) 2 Cal.3d 765, 803 [87 Cal.Rptr. 839, 471 P.2d 487], vacated on another ground in *Mihaly* v. *Westbrook* (1971) 403 U.S. 915 [29 L.Ed.2d 692, 91 S.Ct. 2224].) As a practical matter the process probably involves weighing " 'the comparative benefits and evils of retroactivity.' " (*Hanover Shoe, Inc.* v. *United Shoe Machinery Corp.* (3d Cir. 1967) 377 F.2d 776, 789, quoted by Mosk, J., conc. & dis. opn. in *Westbrook* v. *Mihaly, supra,* 2 Cal.3d at p. 803.) ■ Regardless of the difficulty of resolving questions of retroactivity in certain cases the question has been answered consistently and categorically when a new rule is " 'a clear break with the past.' " (*United States* v. *Johnson* (1982) 457 U.S. 537, 549 [73 L.Ed.2d 202, 213, 102 S.Ct. 2579, 2587, quoting *Desist* v. *United States* (1969) 394 U.S. 244, 248 [22 L.Ed.2d 248, 259, 89 S.Ct. 1030].) In such cases the court "almost invariably has gone on to find such a newly minted principle nonretroactive. (See *United States* v. *Peltier,* 422 U.S. 531, 547, n. 5 (1975) (Brennan, J., dissenting) (collecting cases)." (*United States* v. *Johnson, supra,* 457 U.S. at p. 549 [73 L.Ed.2d at p. 213, 102 S.Ct. at p. 2587.)

A " 'sharp break' occurs when [a] 'decision overrules clear past precedent . . . or disrupts a practice long accepted and widely relied upon.' " (*United States* v. *Johnson, supra,* 457 U.S. at p. 552 [73 L.Ed.2d at p. 215, 102 S.Ct. at p. 2588], quoting *Milton* v. *Wainwright* (1972) 407 U.S. 371, 381-382, fn. 2 [33 L.Ed.2d 1, 9, 5102 S.Ct. 2579], Stewart, J., dis. opn.) ■ There can be no doubt but that *Barrick,* overruling a portion of *Thomas* which trial courts had followed for 20 years, represents a clear break with the past. Moreover, *Barrick* is unrelated to the integrity of the factfinding process and does not involve a constitutionally protected right. (See *People* v. *Gainer* (1977) 19 Cal.3d 835, 853 [139 Cal.Rptr. 861, 566 P.2d 997, 97 A.L.R.3d 73]; *In re Johnson* (1970) 3 Cal.3d 404, 411-412 [90 Cal.Rptr. 569, 475 P.2d 841].) Accordingly, we hold *Barrick* should not be retroactively applied in this case.

Our holding may appear to be at odds with the recent decision of *People* v. *Tiebout* (1983) 141 Cal.App.3d 1011 [190 Cal.Rptr. 754] where the court extended the benefit of pipeline retroactivity to the defendant. There, however, unlike the case before us, counsel requested but the court refused to give the instruction on the lesser included offense. In effect, the appellate court gave defendant Tiebout the benefits that he would have received had his case been the first to reach the Supreme Court. In *Barrick* the defense questioned the law under *Thomas* by requesting the trial court to instruct on joyriding. Because of the process through which cases are tried and ap-

pealed, the Supreme Court only had the opportunity to overrule *Thomas* in *Barrick*. Nonetheless, a comparable benefit should be conferred upon all parties seeking a substantial change in the law, not merely the party who may be the first to reach the Supreme Court. The benefits of decisional change should include the subset of parties who independently and creatively are seeking to alter and improve the common law. A contrary rule would act as a disincentive to necessary challenges of the law[4] and would place a heavy burden on the courts to give pipeline retroactivity to all parties.[5]

We believe that Tiebout is a legitimate beneficiary of *Barrick* pipeline retroactivity while Hicks, not having made that same effort, should not receive the same benefits.

■ Hicks also asserts the court was required to instruct on the lesser included offenses of tampering (§ 10852) and malicious mischief (§ 10853). We reject these contentions. Instructions on lesser included offenses are required only if "the evidence would justify a conviction of such offenses. (See *People* v. *Ramos* (1982) 30 Cal.3d 553, 582 [180 Cal.Rptr. 266, 639 P.2d 908].)" (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 325 [185 Cal.Rptr. 436, 650 P.2d 311].)

If the jury believed Hicks' defense that his presence in the cars was consensual, Hicks would not be guilty of any crime. If they did not believe the defense, a reasonable jury could convict Hicks of unlawful taking and driving, attempted unlawful taking and driving or joyriding. Thus, the evidence would not justify a conviction merely for tampering or malicious mischief. Therefore we cannot characterize the trial court's failure to instruct on sections 10852 or 10853 as error.

Judgment affirmed.

Brown (Gerald), P. J., and Butler, J., concurred.

A petition for a rehearing was denied October 13, 1983, and appellant's petition for a hearing by the Supreme Court was denied December 21, 1983.

---

[4]"[P]rospective overruling destroys incentive for appeal, and if it becomes a frequent policy, it will tend to deter counsel from presenting 'issues involving renovation of unsound or outmoded legal doctrines.' [Citations.]" (*Westbrook* v. *Mihaly, supra,* 2 Cal.3d at p. 804, Mosk, J. conc. & dis. opn.) Justice Mosk was dissenting from the majority's refusal to apply the new law created in *Westbrook* to the petitioners in that case.

[5]" 'Inequity arguably results from according the benefit of a new rule to the parties in the case in which it is announced but not to other litigants similarly situated in the trial or appellate process who have raised the same issue.' " (*Westbrook* v. *Mihaly, supra,* 2 Cal.3d at p. 804, Mosk, J., conc. & dis. opn., quoting *Stovall* v. *Denno* (1967) 388 U.S. 293, 301 [18 L.Ed.2d 1199, 1206, 87 S.Ct. 1967].)