[Crim. No. 6203. Fifth Dist. Nov. 23, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSHUA DELGADO, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Parts I and III of this opinion and the dissenting opinion are not published because they do not meet the standards for publication contained in California Rules of Court, rule 976(b).

COUNSEL

Alison L. Braun, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Joel Carey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.**\*—Appellant was convicted after jury trial of auto theft (Veh. Code, § 10851). He earlier had admitted having served a prior prison term for the same offense. On this appeal, he contends the trial court failed to properly advise him of his rights incident to his admission of the prior and prejudicially erred in denying his *Beagle* motion and refusing to instruct on joyriding as a lesser included offense.

---

\*Before Hanson (P. D.), Acting P. J., Hamlin, J., and Caeton, J.†

†Assigned by the Chairperson of the Judicial Council.

I: Beagle Error†

. . . . . . . . . . . . . . . . . . . . . . . . . .

II: Joyriding Instruction

As noted, appellant contends the trial court prejudicially erred in refusing to instruct on joyriding (Pen. Code, § 499b) as a lesser included offense of the charged violation of Vehicle Code section 10851. He relies on *People v. Barrick* (1982) 33 Cal.3d 115 [187 Cal.Rptr. 716, 654 P.2d 1243], where the Supreme Court partially disapproved its former decision in *People v. Thomas* (1962) 58 Cal.2d 121 [23 Cal.Rptr. 161, 373 P.2d 97]: "On reexamination of the question, we conclude that *Thomas* correctly held that joyriding is not intrinsically a necessarily included offense within Vehicle Code section 10851. We also conclude, however, that *Thomas* erred in holding that the charging allegation in that case did not render joyriding a necessarily included offense within the charged violation of Vehicle Code section 10851. In our opinion the pleadings in both *Thomas* and the present case, by accusing defendant of driving *and* taking a vehicle without the owner's permission, necessarily charged both a violation of Vehicle Code section 10851 and of Penal Code section 499b." (*Id.*, p. 133; original italics.)

The court reasoned its way to the above result with this analysis of the relationship of the two statutes: "The principal difference between them is that section 10851 requires a driving or taking with the specific intent to deprive the owner permanently or temporarily of title or possession of the automobile [citation].[7] Penal Code section 499b, the joyriding statute, does not require a specific intent to deprive the owner of title or possession of a vehicle [citations].[8] However, the section does require a 'purpose' or 'intent' of 'temporarily using or operating the same.' [Citation.]

---

†See footnote 1, *ante,* page 208.

"[7]Section 10851 provides in relevant part: 'Any person who drives or takes a vehicle not his own without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle, whether with or without intent to steal the same, or any person who is a party or accessory to or an accomplice in the driving or unauthorized taking or stealing is guilty of a public offense, and upon conviction thereof shall be punished by imprisonment in the state prison, or in the county jail for not more than one year or by a fine of not more than five thousand dollars ($5,000) or by both such fine and imprisonment.'

"[8]Section 499b provides: 'Any person who shall, without the permission of the owner thereof, take any automobile, bicycle, motorcycle, or other vehicle or motorboat or vessel, for the purpose of temporarily using or operating the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine not exceeding two hundred dollars ($200), or by imprisonment not exceeding three months, or by both such fine and imprisonment.'

"Because one could conceivably 'take' a vehicle in violation of section 10851 without the purpose of using or operating it in violation of section 499b, the latter is not a necessarily included offense under section 10851. [Citation.] As the *Thomas* court stated: 'It is obvious that the owner of a vehicle could be deprived of possession in many ways which would not necessarily require that the offender use or operate the vehicle.' [Citation.] Such instances would seem to be rare; but, for example, a vehicle could be towed with the specific intent to deprive the owner of possession without being towed for the purpose of using or operating the vehicle. Thus, so long as the charging allegation alleges merely a taking with the intent to deprive the owner of possession, violation of section 499b is not necessarily included.

"Section 10851 speaks in the alternative: a person can violate that section by driving *or* taking a vehicle. The acts constituting driving a vehicle and taking a vehicle are separate and distinct. [Citations.] As we have seen, a person can take a vehicle without having the purpose of using or operating it. However, one cannot *drive* a vehicle without the purpose of using or operating it because to drive an automobile is to operate it. [Citation.] Thus, a complaint which charges a defendant with 'driving and taking' an automobile necessarily charges that he took the automobile 'for the purpose of temporarily using or operating the same' and thus violated section 499b.[9] Thus, although we agree that *Thomas* correctly held that Penal Code section 499b is not a necessarily included offense within Vehicle Code section 10851, we conclude that the charging allegation in this case does allege facts that necessarily include the former section within the latter." (*Id.,* pp. 134-135; original italics.)

The charging allegation in the instant case differs from those in *Barrick* and *Thomas* (and *People* v. *Tiebout* (1983) 141 Cal.App.3d 1011 [190 Cal.Rptr. 754]) in one significant respect: it includes both driving and taking, but alleges them in the disjunctive: ". . . on or about the 13th day of August, 1981, at and in said County of Kern, State of California, before the filing of this information, did willfully, unlawfully and feloniously drive or take a certain vehicle, to wit: a 1976 Chevrolet Luv pick-up truck, then and there the personal property of Don Swearingen without the consent of and with intent to deprive the said owner of title to or possession of said vehicle, in violation of Section 10851 of the Vehicle Code."

*Barrick* compels the conclusion that this difference is fatal to appellant's contention. The Supreme Court has reaffirmed that joyriding "is not intrinsically a necessarily included offense within Vehicle Code section 10851."

---

"[9]Language to the contrary in *People* v. *Thomas, supra,* 58 Cal.2d 121, is disapproved."

(*People* v. *Barrick, supra,* 33 Cal.3d 115, 133.) In other words, it is not a statutorily lesser included offense. As respects the elements of driving and taking, the instant pleadings simply track the language of the statute, which speaks disjunctively.

■ The "language of the pleadings test" for whether a crime is a lesser included offense within the charged offense is an *alternative* to the "statutory elements" test. Where the language of the pleadings *is* the language of the statute, the pleadings add nothing to the statutory elements and no alternative theory is available. (See *People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456].) In such a case, to invoke the language of the pleadings test would be to espouse a distinction that only Lewis Carroll could love.

■ In sum, a pleading which charges a defendant with "driving or taking" an automobile does not charge joyriding as a lesser included offense under either the statutory elements or language of the pleadings test. Thus, the trial court did not err in denying appellant's request for a lesser included offense instruction in this case.

III: Admission of Prior*

. . . . . . . . . . . . . . . . . . . . .

IV: Disposition

The judgment is reversed both as to appellant's conviction of violating Vehicle Code section 10851 and as to the finding that he suffered a prior prison term within the meaning of Penal Code section 667.5.

*See footnote 1, *ante,* page 208.