[No. B099922. Second Dist., Div. Four. Aug. 25, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
ELFRONTE HOWARD, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**EPSTEIN, J.**—Elfronte Howard appeals his conviction for unlawfully driving or taking a vehicle, a violation of Vehicle Code section 10851. He claims the court erred in instructing the jury that the lesser offense of joyriding was a specific intent crime. He also claims his sentence of 25 years to life constitutes cruel and unusual punishment. We find no error or abuse of discretion, and affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

On January 30, 1995, Paul Wright parked his El Camino truck on Santa Barbara Street in Pasadena, and went inside his cousin's apartment on that street. When he returned to his truck sometime later, he saw appellant sitting in the open bed of the truck, with his back against the tailgate, drinking from a liquor bottle. The truck was locked and the windows were closed.

Mr. Wright walked to the driver's door and asked appellant to get out of the truck. Appellant said he was not going to get out, that he was going wherever Mr. Wright was going. Mr. Wright got into his car, started it, and made a U-turn. He drove down Santa Barbara Street, zig-zagging in an attempt to throw appellant out of the truck bed. Appellant shouted at Mr. Wright that he was going to "bust out" the windshield if Mr. Wright did not stop and get out of the truck. Appellant proceeded to swing a stick at the rear windshield, causing it to shatter. Mr. Wright ran the truck up onto the curb, causing the left tire to blow out. Mr. Wright got out of the truck and ran back toward his cousin's apartment to call the police, leaving the keys in the truck ignition.

Appellant climbed inside the truck and backed it out into the street. Police officers arrived in time to see appellant back the truck up four or five feet, then get out of the truck and run. Appellant was apprehended while running, and placed under arrest. The stick used to break Mr. Wright's windshield was found in the street, near the curb.

Appellant was charged by information with carjacking (Pen. Code, § 215, subd. (a)), second degree robbery (Pen. Code, § 211), assault with a deadly weapon or likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)), and unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a).) It was alleged that he personally used a dangerous weapon, a wooden pole (Pen. Code, § 12022, subd. (b)), and that he had suffered three prior serious felony convictions.

At the close of the People's case, the court granted appellant's motion to dismiss the assault count. Appellant was found not guilty of the robbery

count, and the court declared a mistrial as to the carjacking count after the jury was unable to reach a verdict. Appellant was convicted of unlawfully driving or taking a vehicle, but the personal use allegation was not found to be true. The court found true the allegations that appellant had two prior serious felony convictions, and struck the third allegation, finding it did not qualify as a serious felony. Appellant was sentenced to 25 years to life, and appeals from the judgment of conviction.

## DISCUSSION

## I

■ The court instructed the jury on Penal Code section 499b, joyriding, as a lesser offense to unlawful taking or driving a vehicle. Appellant argues that section 499b is a general intent crime, not a specific intent crime, and that the court's instructions, which included a specific intent requirement[1], obviated any material distinction between the lesser crime of joyriding, and the greater offense of unlawful taking and driving. In rejecting this claim, we take sides in a well-defined debate, led on the one hand by *People* v. *Diaz* (1989) 212 Cal.App.3d 745 [260 Cal.Rptr. 806], and on the other by *People* v. *Frye* (1994) 28 Cal.App.4th 1080 [34 Cal.Rptr.2d 180].

Vehicle Code section 10851 makes it a crime to drive or take a vehicle without the owner's consent, "and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, . . ." Penal Code section 499b[2] (hereafter section 499b), as in effect at the time of this incident, makes it a misdemeanor for a person to take an automobile or other vehicle, without the permission of the owner, "for the purpose of temporarily using or operating the same, . . ."

■ As the Supreme Court acknowledged in *People* v. *Thomas* (1962) 58 Cal.2d 121, 126 [23 Cal.Rptr. 161, 373 P.2d 97], the distinction between

---

[1]The jury was instructed in terms of the 1995 revision of CALJIC No. 16.305, which states: "Every person who takes or drives any automobile without its owner's permission and with the specific intent to temporarily take and use or operate for the purpose of temporarily using or operating such vehicle is guilty of violating Penal Code Section 499b, a misdemeanor." It was also instructed as to the need for concurrence of act and specific intent, in terms of CALJIC No. 3.31 and the sufficiency of circumstantial evidence to prove specific intent, in terms of CALJIC No. 2.02.

[2]Fortunately, the problem before us will soon be obsolete. Section 499b was amended in 1996 to substitute the terms "bicycle or motorboat" for "automobile, bicycle, motorcycle, or other vehicle or motorboat." (Stats. 1996, ch. 660, § 1 [Assem. Bill No. 3170].) The legislative intent behind this amendment "is to clarify and streamline existing law by deleting provisions in Section 499b of the Penal Code that are generally duplicative of provisions in subdivision (a) of Section 10851 of the Vehicle Code." (Stats. 1996, ch. 660, § 3 [Assem. Bill No. 3170].)

these offenses is subtle. "The principal difference between them is that section 10851 requires a driving or taking with the specific intent to deprive the owner permanently or temporarily of title or possession of the automobile [citation]. Penal Code section 499b, the joyriding statute, does not require a specific intent to deprive the owner of title or possession of a vehicle [citations]. However, the section does require a 'purpose' or 'intent' of 'temporarily using or operating the same.' [Citation.]" (*People* v. *Barrick* (1982) 33 Cal.3d 115, 134 [187 Cal.Rptr. 716, 654 P.2d 1243].)

■ The defendant in *People* v. *Diaz, supra,* 212 Cal.App.3d 745 presented the same contention appellant raises here, that the jury was erroneously instructed that joyriding required a specific intent. The court considered the argument in light of the Supreme Court's explanation of specific and general intent in *People* v. *Hood* (1969) 1 Cal.3d 444, 456-457 [82 Cal.Rptr. 618, 462 P.2d 370]: "When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent."

Under these definitions, the *Diaz* court concluded that joyriding is a specific intent crime. "Section 499b makes it a misdemeanor for anyone to 'take any automobile . . . *for the purpose of temporarily using or operating the same. . . .*' [Italics added by the *Diaz* court.] The ordinary meaning of the phrase 'for the purpose of' is to delineate some additional consequence or purpose. Thus, the individual must not only intend to take the vehicle, but must also intend to temporarily use or operate the same. (Cf. *People* v. *Wesley* [(1988)] 198 Cal.App.3d [519,] 522 [243 Cal.Rptr. 785].) Along this same line, we observe that the Supreme Court has indicated that the taking of a vehicle does not necessarily connote its use or operation. (*People* v. *Barrick* (1982) 33 Cal.3d 115, 134-135 . . . .) Thus, the word 'take,' as used in the statute, is not synonymous with temporarily using or operating the vehicle. (Cf. *Ibid.*)" (*People* v. *Diaz, supra,* 212 Cal.App.3d at pp. 750-751, fn. omitted.)

Appellant relies on *People* v. *Frye, supra,* 28 Cal.App.4th 1080, which disagreed with the *Diaz* analysis. According to *Frye,* "The flaw in the *Diaz* court's analysis is the presupposition that the conduct proscribed—the taking—is the act of removing the vehicle from the owner's possession. The court found that that act of taking was not synonymous with, nor inclusive of, the act of driving the vehicle. [Citation.] We disagree and conclude that

the 'taking' proscribed by Penal Code section 499b is an act of taking possession through driving and that the mental state required by the statute ('for the purpose of temporarily using or operating') is no more than the general intent to perform the act. The statute does not require an intent to achieve a consequence other than the act itself." (*Id.* at p. 1091.)

We find the reasoning of *Diaz* more persuasive. The proscribed act under section 499b is the taking of the automobile without permission. But section 499b requires more than just that unpermitted taking: it requires that the taking be "for the purpose of temporarily using or operating the same, . . ." (§ 499b.) This is more than the general criminal intent to do the act. It is a requirement that the act be done with a specific intent, or a mental state that is so close to it that it defies an articulable distinction. The court's instructions on section 499b properly required the finding of a "specific intent to temporarily take and use or operate for the purpose of temporarily using or operating" the vehicle.

II*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Baron, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 10, 1997.

---

*See footnote, *ante*, page 323.