[No. B004001. Second Dist., Div. Four. Aug. 17, 1984.]

JACK T. CRIPPEN et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
TOM KEISER et al., Real Parties in Interest.

COUNSEL

Martin L. Abrams for Petitioners.

No appearance for Respondent.

Wilson, Borror, Dunn & Scott and Thomas M. Davis for Real Parties in Interest.

OPINION

**TITLE, J.**\*—Petitioners, plaintiffs in this action, have filed a petition for a writ of mandate to challenge respondent court's order denying petitioners' motion for an order compelling defendants to permit the copying and inspection of certain documents.

### FACTUAL BACKGROUND

Insofar as applicable to the issues at hand, it appears that on January 6, 1983, petitioners served a request for production of documents on defendants seeking, among other things, the insurance policy under which defendants were being furnished a defense. A question arose as to whether all of the required documents had been produced, and after the exchange of correspondence over a period of months, on December 7, 1983, petitioners filed a motion to compel inspection and copying of the required documents as well as a motion for sanctions against defendants for noticing a deposition without serving the deponent with a subpoena and thereafter failing to give petitioners' counsel notice of this oversight. As a consequence, petitioners' counsel had traveled to San Bernardino only to find that there was to be no deposition.

On January 5, 1984, the trial court denied petitioners' motion to produce and copy documents and instead imposed sanctions against petitioners in the sum of $375 for making the motion. The trial court further imposed sanctions against defendants in the sum of $375 for improperly requiring petitioners' counsel to go to San Bernardino for the aborted deposition, and indicated that the sanctions would wash out each other. On February 9, 1984, petitioners moved the court to reconsider the prior order, at which time the court denied that motion and imposed additional sanctions against petitioners in the sum of $500 for bringing the motion to reconsider. On

---

\*Assigned by the Chairperson of the Judicial Council.

March 2, 1984, petitioners filed this petition for writ of mandate, requesting an order to vacate the order of the trial court denying the motion to produce and copy documents, vacating the orders of January 5, 1984, and February 9, 1984, and further seeking an order imposing sanctions for attorney's fees and costs against defendants incurred by petitioners in seeking the order to compel production and copying of said documents in the trial court.

## DISCUSSION

Contrary to defendants' contention in their brief, it appears that the determinative issue herein revolves around the question as to whether or not petitioners' motion to produce documents filed on December 7, 1983, was timely. Defendants assert that it is extremely doubtful that the trial court's ruling on petitioners' motion was based solely on the timeliness issue, and that the only reasonable interpretation of the ruling is that the trial court believed that all pertinent documents had been produced. However, defendants' position in this regard is not supported by either the reporter's transcript of the hearing on the motion or the transcript of the hearing on the motion for reconsideration. The entire discussion between counsel and the court in these hearings appears to deal only with the issue as to the timeliness of petitioners' motion to compel production. The minute orders merely recite that the motion is denied. Consequently, we perceive the primary issue to be the issue of timeliness of the motion.

It is also apparent from the record that the trial court denied the motion for production of documents on the ground that Code of Civil Procedure section 2034, subdivision (a), requires that such motions must be filed within 30 days, although the court did not indicate from what date the 30 days would begin to run. In any event, since some 11 months elapsed between the time that petitioners requested the production of the documents and the filing of the motion to compel production, it is apparent that the trial court was of the opinion that a 30-day limit was imposed by Code of Civil Procedure section 2034, subdivision (a), that the 30-day period had elapsed, and that the court was without jurisdiction to grant the motion. The issue thus becomes one involving the interpretation of the statutory language found in Code of Civil Procedure section 2034, subdivision (a).

Code of Civil Procedure section 2034, subdivision (a), provides for the procedure where there is a failure or refusal to respond to discovery requests, including requests regarding the production of documents. The format of the section first sets forth the procedure and time strictures in connection with the failure or refusal to respond to questions propounded during the taking of depositions, and thereafter provides for procedures "on like notice" where there is a refusal or a failure to respond properly to

interrogatories, requests for admissions, or requests to produce documents. While the section is a classic example of ambiguous statutory language when it deals with the notice requirements of such motions, a reasonable reading of the section indicates that it provides for two different and alternative methods by which a motion to compel answers to deposition questions may be noticed for hearing. These two alternative methods are as follows:

1. Upon a failure or refusal to answer any question, "[t]he proponent, on notice to all persons affected thereby, may move the court . . . for an order compelling an answer. . . ."

2. "The motion may also be made, without further notice, if the proponent notifies the refusing party or other deponent *at the time of the refusal or failure* that the proponent will apply to the court for an order pursuant to this subdivision of this section, at a specified time not less than 10 nor more than 30 days from the date of such refusal or failure, in which event the officer before whom the deposition is taken shall direct the refusing or failing party or other deponent to attend a session of said court at said time." (Italics added.)

As can readily be seen, the first alternative procedure mentioned above contains no time limitation within which the motion to compel answers must be made. On the other hand, the only time limitation mentioned in section 2034, subdivision (a), dealing with the time within which a motion must be made is found in the second alternative procedure, which covers the situation arising in the taking of a deposition where the proponent notifies a refusing party at the time of the refusal or failure at the deposition that the proponent will apply to the court for an order to compel further answers or for production, in which case it provides that the motion must be made no less than 10 nor more than 30 days from the date of such refusal or failure. It is critical to note that this is the sole reference to a 30-day limitation or any time limitation within which to make motions under this section.

Since the only other procedure provided for in section 2034, subdivision (a), is the first alternative procedure mentioned above, which unquestionably contains no time limitation whatsoever within which the motion must be made, it must follow that there is no time limitation within which the party requesting the production of documents must move the court for an order compelling such production.

Applying this interpretation of section 2034, subdivision (a), to the case at bar, it appears that the trial court erred when it denied petitioners' motion to compel the production of documents on the ground that the motion was not timely. Petitioners initially requested the production of documents pur-

suant to Code of Civil Procedure section 2031 on January 6, 1983. Section 2031 provides that if there is a failure of the opposing party to comply with the request for production within 20 days after service of the request, the party submitting the request may move for an order for compliance under section 2034, subdivision (a). This is the procedure which was followed by petitioners. While it is true that some 11 months elapsed between the request and the motion to compel production, for the reasons already indicated, this time lapse was no basis for the trial court to have denied the motion. However, in all fairness to the learned trial judge, we should further point out that it is apparent from the reporter's transcript of the proceedings that he relied completely on the holding in *Vidal Sassoon, Inc.* v. *Superior Court* (1983) 147 Cal.App.3d 681 [195 Cal.Rptr. 295], in reaching his conclusion that all motions to compel discovery provided for in section 2034, subdivision (a), are required to be made within the time limitation of "not less than 10 days nor more than 30 days" specified therein. A fair reading of that opinion could well lead to such interpretation of the opinion, but as we have already pointed out, we conclude that this is an improper and overbroad interpretation of the statute. Consequently, we decline to follow it.

The court is not unmindful of the history of the discovery statutes in California which are in part patterned after the Federal Rules of Civil Procedure, all indicating that the primary purpose of such discovery statutes is to lay issues to rest and expedite litigation. (See *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 371 [15 Cal.Rptr. 90, 364 P.2d 266]; Tonegato, *The Decline and Fall of Sanctions in California Discovery: Time to Modernize California Code of Civil Procedure Section 2034* (1974) 9 U.S.F. L.Rev. 360, 389.) ■ Nevertheless, it is presumed that if the Legislature does not provide for a time limitation in procedural matters such as those here involved, particularly where *some* time limits are imposed in the concerned statute, the Legislature intended to place no time restrictions on the procedure at issue. ■ This follows from the well recognized rule of statutory construction to the effect that the expression of certain things in a statute necessarily involves exclusion of other things not expressed— *expressio unius est exclusio alterius.* (*Henderson* v. *Mann Theaters Corp.* (1976) 65 Cal.App.3d 397, 403 [135 Cal.Rptr. 266].)

In spite of the fact that no time strictures have been imposed for the filing of a motion to compel further answers, however, it does not unalterably follow that the moving party may in every instance delay the making of the motion with impunity. ■ If the opposing party is able to demonstrate that it has been substantially prejudiced by any inordinate delay in the making of the motion, it should have the right to urge such prejudice as a basis for a finding by the trial court that the moving party is estopped from making the motion or has waived the right to make the motion to compel further

answers. While the proponent in discovery matters concededly has the right to move the court for an order compelling further discovery under Code of Civil Procedure section 2034, subdivision (a), this right, like almost all other civil rights, may be waived. (See Civ. Code, § 3513; *Outboard Marine Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 30, 41 [130 Cal.Rptr. 642]; *Barron* v. *Deleval* (1881) 58 Cal. 95, 98.) ▮ However, there is nothing before the court in the instant case which would even suggest the existence of such prejudice.

### Sanctions Imposed by Trial Court

▮ Section 2034, subdivision (a), provides that if a motion to compel is denied and the court finds that the motion was made without substantial justification, the court may require the payment to the opposing party of reasonable expenses incurred in connection with the motion, including reasonable attorney's fees. It is obvious that the sanctions awarded by the trial court against petitioners in the sum of $375 for bringing the motion to compel and $500 for bringing the motion to reconsider were bottomed on the premise that the motions were made by petitioners without substantial justification. In view of the above conclusion reached by this court, the motions by petitioners were made with substantial justification, and thus these sanctions awarded against petitioners must of necessity be vacated.

▮ With reference to the order for sanctions imposed by the trial court against defendants for noticing the depositions in San Bernardino without issuing the proper subpoenas and thus causing petitioners' counsel to make a useless trip to San Bernardino, defendants have made no contention that these sanctions imposed on them were unjustified by the facts or should be annulled. However, correctly anticipating that this court might vacate the sanctions imposed upon petitioners, defendants have contended that it would be unfair to annul the sanctions award against petitioners and permit the sanction award against defendants to stand. On the contrary, no unfairness would exist by virtue of such an order. There was no nexus whatsoever between the actions of petitioners in making their motions to compel production of documents and the impropriety of defendants causing plaintiffs' counsel to travel to San Bernardino for a nonexistent deposition, except the observation of the trial court at the time the sanctions were imposed to the effect that they would wash out each other. The fact that the sanctions imposed on petitioners are being vacated should have no effect on the sanctions imposed upon defendants. The latter sanctions were clearly justified under the circumstances, and no reason exists to vacate those sanctions. Consequently, the sanctions imposed upon defendants shall stand.

▮ Lastly, petitioners' request for sanctions against defendants because defendants opposed the motion to compel production is denied. This oppo-

sition was reasonably justified in the light of the ambiguous provisions of section 2034, subdivision (a), and the interpretation placed thereon by the *Sassoon* opinion, *supra,* 147 Cal.App.3d 681.

A peremptory writ of mandate shall issue directing the trial court to vacate its ruling denying petitioners' motion to compel production of documents and to consider that motion in accordance with this opinion; vacating the order imposing sanctions upon petitioners of $375 and $500 respectively; and affirming the imposition of sanctions imposed against defendants of $375.

McClosky, Acting P. J., and Arguelles, J., concurred.