[No. F006785. Fifth Dist., Apr. 16, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE HENRY COTA, Defendant and Appellant.

**COUNSEL**

William Arthur Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Shirley A. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

HARRIS, J.*—Appellant Jesse Henry Cota was charged on September 25, 1985, with escape, a violation of Penal Code section 4532, subdivision (a);[1] the complaint also alleged a prior felony conviction under section 667.5, subdivision (b). On December 27, 1985, a second complaint was filed against appellant in another action alleging three counts of forgery in violation of section 470 and one prior conviction under section 667.5, subdivision (b). In municipal court on January 14, 1986, appellant pleaded guilty to one count of forgery and escape and admitted the prior conviction alleged in the second complaint. The other charges were dismissed and the allegations struck.

---

*Assigned by the Acting Chairperson of the Judicial Council.

[1] All statutory references are to the Penal Code unless otherwise indicated.

Appellant was sentenced in superior court on February 11, 1986. The trial court denied probation and sentenced appellant to a two-year state prison term for the forgery conviction. One year enhancement for the prior conviction was added. The court then imposed a consecutive sentence on the escape conviction, setting the time at one year and one day. Appellant's total sentence was four years and one day.[2]

■ Appellant's sole contention on appeal is that the trial court erroneously failed to apply section 1170.1, subdivision (a), by imposing consecutively the full determinate term of one year and one day for nonviolent escape, rather than one-third the term.

DISCUSSION

Section 4532, subdivision (a), provided in relevant part:[3] "Every prisoner . . . convicted of a misdemeanor, . . . who is confined in any county or city jail or prison or industrial farm or industrial road camp or who is engaged on any county road or other county work . . . , and who thereafter escapes or attempts to escape . . . from the custody of the officer or person in charge of him while engaged in or going to or returning from such county work or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony and, if such escape or attempt to escape was not by force or violence, is punishable by imprisonment in the state prison for a determinate term of one year and one day, or in the county jail not exceeding one year; . . ."

The state prison term for nonviolent escape is set at a single term of one year and one day. Appellant argues that notwithstanding the unique nature of the single determinate term, in sentencing consecutively, the court is constrained to imposing the "one-third of the middle term" limitation of section 1170.1, subdivision (a).[4] The Attorney General replies that the Legis-

---

[2]While the abstract of judgment correctly reflects the components of appellant's sentence, the total term imposed figure is incorrect, showing only three years and one day.

[3]Section 4532 has been amended since appellant's sentencing. The 1985 amendment will be discussed later.

[4]Section 1170.1, subdivision (a), reads in relevant part: "Except as provided in subdivision (c) and subject to Section 654, when any person is convicted of two or more felonies, . . . and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, . . . The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements." (Other subdivisions of § 1170.1 have been amended since appellant's sentencing.)

lature, in setting the single term, determined that one year and one day was the only proper sentence for the crime and by so formulating the term meant to exempt it from the "one-third the *middle* term" reduction in section 1170.1, subdivision (a). Appellant has the better argument.

Section 4532 was amended in 1984 by Statutes 1984, chapter 1432, along with several other provisions of the Penal Code. The Legislature was "cleaning up" several crimes punishable by a state prison term not to exceed one year and one day. In two of the crimes, escape and failure to provide (§ 270), the Legislature set a single determinate state prison term of one year and one day. The other crimes were reduced to misdemeanors. (§§ 502.7, 597.5 and 653h.)

Prior to the 1984 amendment, section 4532, subdivision (a), provided nonviolent escape "is punishable by imprisonment in the state prison for not exceeding one year and one day to be served consecutively, regardless of any prior convictions . . . ." The amendment deleted both the indeterminate nature of the term and the requirement that the sentence run consecutively.

Tellingly, the above changes were accompanied by a corresponding amendment to section 1168. In the same chapter, the Legislature amended section 1168, subdivision (a), the addition being italicized, to provide: "Every person who commits a public offense, for which any specification of three time periods of imprisonment in any state prison is now prescribed by law *or for which only a single term of imprisonment in state prison is specified* shall, unless such convicted person be placed on probation, a new trial granted, or the imposing of sentence suspended, be sentenced pursuant to Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2." Section 1170.1 is part of chapter 4.5 of title 7 of part 2.

The legislative intent seems clear—crimes punishable by a single determinate term were to be treated like crimes punishable under three term provisions. The single term provision reflects the Legislature's determination that the sentence imposed was not subject to aggravation or mitigation, and not as the Attorney General would argue, that it did not fall under the regular rules regarding imposition of sentence. Indeed, removal of the mandatory consecutive sentence, coupled with the contemporaneous amendment of section 1168, reinforces a finding that the Legislature intended any imposition of a consecutive term be subject to the requirements of sections 1170 and 1170.1.

Moreover, amendment of subdivision (b) of section 4532 in 1985 strengthens this interpretation. Subdivision (b) provides for escape where the underlying crime is a felony, rather than a misdemeanor as in subdivision

(a). Subdivision (b) was not amended in 1984 along with subdivision (a) and section 1168. However, in Statutes 1985, chapter 915, section 1, the Legislature added to subdivision (b) the pertinent italicized language: "Every prisoner arrested and booked for, charged with, or convicted of a felony . . . , who escapes or attempts to escape . . . , is guilty of a felony and, if such escape or attempt to escape was not by force or violence, is punishable by imprisonment in the state prison for 16 months, or two or three years to be served consecutively, or in the county jail not exceeding one year; provided, that if such escape or attempt to escape is by force or violence, such person is guilty of a felony and is punishable by imprisonment in the state prison for *a full term of* two, four, or six years to be *consecutive to any other term of imprisonment, commencing from the time the person would otherwise have been released from imprisonment and the term shall not be subject to reduction pursuant to subdivision (a) of Section 1170.1,* or in the county jail *for a consecutive term* not *to exceed* one year, *that* term *to* commence from the time such prisoner would otherwise have been discharged from such jail." Thus, the Legislature determined to exempt specifically one portion of the statute from the operation of section 1170.1. Failure to include a similar provision in subdivision (a) of section 4532 bolsters the interpretation that imposition of punishment for nonviolent escape under that subdivision is guided by the rules of section 1170.1, subdivision (a). (See *People* v. *Romero* (1985) 167 Cal.App.3d 1148, 1156 [213 Cal.Rptr. 774]; see also *Crippen* v. *Superior Court* (1984) 159 Cal.App.3d 254, 260 [205 Cal.Rptr. 477].)

At the very least, the statute is ambiguous.

"[W]hen the statutory language in the Penal Code is reasonably susceptible of two constructions, courts are required to adopt that construction which is more favorable to the offender. [Citation.] ' "The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute." ' [Citation.]" (*People* v. *Jones* (1984) 155 Cal.App.3d 153, 186 [202 Cal.Rptr. 162]; see also *Hale* v. *Morgan* (1978) 22 Cal.3d 388, 405 [149 Cal.Rptr. 375, 584 P.2d 512].)

Nor does such an interpretation run afoul of section 4.[5] Section 4532, subdivision (a), allows for the granting of probation, imposition of the state prison term concurrently or confinement in county jail. Our holding, which will result in reduction in the consecutive sentence to one-third of the determinate term, does not defeat the Legislature's intent to punish all escaping

---

[5]Section 4 provides: "The rule of the common law, that penal statutes are to be strictly construed, has no application to this Code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

prisoners. (See *People* v. *Armstrong* (1961) 188 Cal.App.2d 745, 748-749 [10 Cal.Rptr. 618], and cases cited therein.)

The abstract of judgment is modified to set the consecutive term at 122 days (365 days + 1 = 366, ÷ 3 = 122). The total term should be 3 years and 122 days. As modified, the judgment is affirmed.

Best, Acting P. J., and Ballantyne, J., concurred.